GAINES' ADMINISTRATOR V. ANN, BY HER GUARDIANS AD LITEM.

Though the party having the burden of proof is entitled to open and conclude the argument to the jury, yet an erroneous ruling of the court below in this particular will not suffice to reverse a judgment, if no apparent injury has thereby resulted to the appellant, and the judgment is in other respects unexceptionable.

The statute (O. & W. Dig., art. 469,) authorizing the introduction of recorded instruments in evidence, without proof of their execution, applies only to such instruments as had been recorded previous to being filed in the suit in which they are to be used. If not recorded until the day of trial, though properly acknowledged for record when filed three days previous, the instrument is not admissible by virtue of the statute.

In this case, the judgment of the court below was reversed for the refusal to grant a new trial, the motion therefor alleging that the verdict was contrary to the evidence. For the evidence pertinent to this ruling, reference is made to the case of Gaines v. Ann, 17 Tex. R., 211.

Guardians *ad litem* appointed by the court cannot be charged personally with costs incurred in the discharge of the duties thus assigned them.

APPEAL from McLennan. Tried below before J. F. Davis, Esq., special judge.

The facts of this case sufficiently appear in the opinion and in the former report of this cause in 17th Texas Reports, 211.

Upon this trial, as on the former one, the jury found a verdict in favor of the freedom of the appellee. A new trial being refused to the appellant, he appealed again.

*M. D. Herring*, for appellant.

*J. Craik*, for appellee.

MOORE, J. The appellant having by agreement, (if it were not otherwise the case,) taken upon himself the burthen of proof, was, by the 3d rule adopted by the Supreme Court at the January Term, 1840, for the District Courts, entitled to open and conclude the argument to the jury. (Latham v. Selkirk, 11 Tex., 315.) And the ruling of the court in this particular must therefore be held erroneous. But yet it is hardly such an error as would require

Gaines' Adm'r v. Ann.

a reversal of the judgment, if no apparent injury had resulted from it to appellant, and the judgment was in other respects unexceptionable.

The objection of appellee to the reading of the bill of sale offered in evidence by appellant, was well taken, and the court did not err in excluding it from the jury. It is true, the bill of sale had been properly proved for record, and filed among the papers of this suit for more than three days before the commencement of the trial, and notice of such filing had been given to appellee; but it had not been recorded until the day on which the case was tried. The statute on which appellant relied for authority to read the bill of sale, without a compliance with the common law rule by proving its execution, (O. & W. Dig., art. 469,) most evidently, however, extends only to such instruments as had been recorded previous to their being filed among the papers of the suits, in which they are intended to be used as evidence. It was not the intention of the legislature to place instruments that had been withheld from record, though properly authenticated for that purpose, upon the same footing with recorded instruments.

The exclusion of this bill of sale can, however, have no effect upon the result of the case. If it had been admitted, it would in no manner have tended to prove the issue which appellant had undertaken to establish. This issue was simply Ann's status— whether she was a free person or a slave. The bill of sale could only have tended to prove property in appellant, if she is a slave, which was not in issue in this case. The record shows that she was, at the commencement of the litigation of which the present suit is a branch, taken from the possession of appellant's intestate. And if she shall be found to be a slave upon the final disposition of the issue involved in this case, whether appellant will recover possession of her depends upon the result of the original suit, out of which this has grown for the trial of the single issue involved in it.

Appellant asked for a new trial, because the verdict of the jury was contrary to the evidence; and after a careful examination of the testimony, we feel constrained to say that the court erred in refusing to grant it to him. The evidence in the present record

is stronger for appellant than it was for his intestate, when this case was before the court on the first appeal; (Gaines v. Ann, 17 Tex., 211;) while that in her behalf is, if anything, weaker than it was then. And without entering into a discussion of the evidence in the record, we are bound to conclude now, as the court did then, that it is not a case of conflicting evidence, where the verdict should not be disturbed; but that the verdict is not supported by the evidence, and that the judgment must be reversed because of the refusal of the court below to grant a new trial.

Appellant states in his brief that the judgment is erroneous, because Ann was not represented on the trial by a guardian *ad litem*. If this were the case, although the court should not have permitted it, we cannot perceive that it would have been an error of which he could complain. There seems to be some confusion about this matter in the record, and it will be proper that it should be looked to before another trial of the case in the District Court. Although one of them requested the court for permission to decline to continue acting as guardian *ad litem*, and subsequently other attorneys seem, from the proceedings in the case, to have acted as guardians *ad litem* for her, yet the record does not disclose that those first appointed were ever released, or that any others were ever appointed. We must therefore regard the parties originally appointed as still her guardians *ad litem*.

When the case was reversed on the former appeal, judgment was entered inadvertently against the guardians *ad litem* for the costs incurred on the appeal. This was clearly improper. Their connection with the case was imposed upon them by order of the court, and they could not be charged personally with the costs incurred in the discharge of the duty thus assigned them. Neither, in the present attitude of the case, can the costs be adjudged against Ann. The costs incurred in this court on the present appeal must therefore be paid by appellant, to be taxed, however, as a part of the cost on its final termination in the original case, of which the present is a branch, if the issue in this case should be finally decided in favor of appellant.

The judgment is reversed and the cause remanded.

                                        Reversed and remanded.