Willie, Chief Justice.
The appellant brought this action of trespass to try title against the appellees to recover survey number fifty-six, in Mason county, originally granted to John A. Green and W. W. Faison, assignees of Lewis Heitmann. The .appellees answered disclaiming any title to survey number fifty-six, and denying that they were in possession of any part of said survey. But they further alleged that they were the .owners of State section number thirty-six, surveyed as an alternate section by the Indianola Railroad company, and that they *501 resided upon this tract, and had placed upon it improvements of great value. They prayed for a survey of the two sections for the purpose of ascertaining whether or not they conflicted] and, in the event that they did not, that the defendant might have judgment, and if they did conflict in that, part upon which the defendant’s resided, that the defendants might recover the value of their improvements, which they alleged had been made in good faith.
An order of survey was issued, and a survey made and returned] and the cause having been submitted to the court for determination, judgment was rendered for the defendants, for the reason that the plaintiff had failed to establish title for himself for the land sued for. Judgment was entered up for the defendants in the usual form, including a recovery of the costs of suit. A bill of exceptions, reserved at the trial, shows that after the testimony on both sides had closed, the plaintiff offered in evidence a deed from John A. Green to J. T. Faison, which was excluded by the court because it was riot in rebuttal of any testimony introduced by the defendant. This action of the court is assigned as error. There are but two other assignments of error, which are as follows:
“Second assignment of error : The court erred in rendering judgment for costs for defendants under the pleadings of the parties, and the evidence given in the case.”
“ Third assignment of error: The court erred in not rendering a judgment for the plaintiff for the land sued for, costs of this suit, the damage proved, and in not ordering a writ of possession to put defendant out of, and put plaintiff in possession of, said land under the pleadings of the parties filed in this case, and the evidence given on the trial of the case.
The last of these is in plain violation of the rules of this court, and can not be considered. It does not point out in what respect the court committed error in not rendering a judgment for the plaintiff for the land and damages, and not ordering a writ of possession. The error may have been in a matter of law or in a matter of fact. If there be error the assignment leaves us to find it out for ourselves] and in order to do so, we must search the whole record from beginning to end. We see no fundamental error apparent on the face of the record, and no error of any kind being indicated in the assignment, we can. not look into the statement of facts to see if, under the evidence, the court should not have found for the appellant.
*502 Opinion delivered June 14, 1887.
There was no necessity for the introduction of the deed from Green to Faison. If admitted, it could not have benefitted the plaintiff’s case in the least; hence, he was not prejudiced by its exclusion. The only effect of the deed was to show title in the plaintiff to section fifty-six, and this was fully admitted by the pleadings of the defendants. The question before the court was not as to the title of fifty-six, but as to whether it covered the land in controversy, i. e., lapped over on to section thirty-six, under which the defendants claimed. This was the only disputed fact in the case, and to this point only should the evidence have been confined. The rejected deed tended neither to prove or disprove this fact. Under the assignment of error upon which the case comes before this court, the judgment must necessarily be affirmed. An affirmance of the judgment against the appellant for the land in controversy necessarily affirms that portion of it which adjudges the cost against him as the unsuccessful party below.
As there is no error in the judgment of which we can take notice, it is affirmed.

Affirmed.