No. 6000.

THE FALLS LAND AND CATTLE COMPANY *v.* JOHN CHISHOLM.

1. APPLICATION FOR CONTINUANCE.—The application should contain such facts as would enable the court to ascertain what diligence had been. used to obtain the desired testimony; and proper diligence should appear.

2. SAME.—See application properly overruled.

3. RECORD OF DEED — CERTIFICATE OF RECORD. — A deed for land in Wichita county was filed for record in Montague county, to which it was attached. The certificate of record upon the deed showed that it had been "recorded in Clay county records." The deed was offered in evidence as a recorded instrument under the statute. (Rev. Stats., art. 2257.) *Held:*

(1) Although the deed had been properly filed for record in Montague county, yet the certificate showing the record in *Clay county records* did not show the deed to have been properly recorded, and it was properly excluded.

(2) As notice, the filing was proper and was effective.

(3) In connection with the deed, and to show that it had been properly recorded, the original record book was competent evidence and its exclusion was improper; and

(4) With the evidence in the record book that the deed had been properly recorded, the deed was admissible, there being no question as to filing of the deed and notice under the statute.

4. DESCRIPTION.—A deed referring to a patent accompanying it, and conveying all of the tract not already disposed of, sufficiently describes the land.

5. ASSIGNMENT OF ERROR.—See assignments of error too general and not in compliance with article 1033, Revised Statutes, nor with 21, 25 and 26 of Rules for Supreme Court—the grounds of error not being distinctly pointed out.

6. STALE DEMAND.—The doctrine of stale demand applies only to an equitable title.

APPEAL from Wichita. Tried below before the Hon. B. F. Williams.

The facts are given in the opinion.

*Robert E. Huff*, for appellant.

*S. B. McBride*, for appellee: 1. On the application for continuance: Revised Statutes, art. 1277; Ward v. Boon, Dallam, 561; McMahan v. Busby, 29 Texas, 191; Chilson v. Reeves, Id.,

276; Lewis v. Williams, 15 Texas, 47; Byrne v. Jackson, 25 Texas, 96; Green v. Crow, 17 Texas, 180; Stanley v. Epperson, 45 Texas, 645; Stinnett v. Rice, 36 Texas, 106; Brown v. The State, 36 Texas, 282; Baldessore v. Stephanes, 27 Texas, 455.

2. On description: Howard v. North, 6 Texas, 290; Cromwell et al. v. Holliday, 34 Texas, 463; Norris v. Hunt, 51 Texas, 609.

3. A quit claim deed can not exclude the operation of a prior unregistered warranty deed, and a special warranty deed is a quit claim deed. (Rogers v. Burchard et al., 34 Texas, 441; Watkins v. Edwards, 23 Texas, 447; Manwaring v. Terry, 39 Texas, 67; Carter v. Wise, 39 Texas, 273; Dikes v. Miller, 24 Texas, 417; James v. Drake, 39 Texas, 143; Hamman v. Keigwire, 39 Texas, 34; Keys v. Mason, 44 Texas, 142, 143; Harrison & Co. v. Boring & Kennard, 44 Texas, 255.)

ACKER, PRESIDING JUDGE. This suit was brought February 19, 1886, by appellee, to recover of appellant six hundred and forty acres of the Massie survey in Wichita county.

Appellant answered by the plea of not guilty.

Both parties claimed the land under the original grantee, Massie; the appellee, by conveyance of Massie to him, executed February 12, 1866, and recorded in Wichita county, April 24, 1866.

Appellant claimed under deed from Massie to Butts, executed April 6, 1873, and filed for record in the office of the clerk of the district court of Montague county, on the eighteenth day of August, 1873. Deed from Butts to Hudson, executed July 19, 1873, and filed for record at the same time and place as the deed from Massie to Butts. The deeds were excluded on the objection that they had not been properly recorded.

Appellant proved a connected chain of title from Hudson to itself, the last conveyance bearing date November 26, 1883, and recorded December 3, 1883, in Wichita county.

On the fifteenth day of May, 1886, the case was tried by the court without a jury, and judgment rendered for appellee.

When the case was called for trial appellant made a motion for continuance, which was overruled. The first assignment of error relates to this ruling.

The application for continuance was for want of the testimony of William Hudson, John W. Massie, Virginia S. Butts and Charles Butts, who, it was alleged, were material witnesses for appellant. It was stated in the application that citation

was served upon appellant about the first of March; that the principal office of appellant company was situated in Kansas City, Missouri, and that the manager of appellant alone had possession of its title papers and the management and control of its land matters; that at the time the manager of the company received notice of the suit, he was absent from the office of the company attending his sick wife in another State; that on account of the illness of his wife he was unable to give attention to the business of the company at the time, and no one in the office of the company knew anything about the suit; that as soon as his wife recovered, the manager endeavored to get ready for trial by ascertaining the places of residence of the witnesses and securing their testimony, and made diligent inquiry to ascertain the places of residence of the witnesses Massie and Butts, but failed to discover their places of residence in time to take their depositions for use at the trial; that on the twenty-fourth or twenty-fifth day of April, 1886, appellant obtained a commission to take the deposition of the witness Hudson, and placed it, with interrogatories, in the hands of —— Blanton, a notary public at Gainesville, the place of residence of said witness, and that the deposition had not been returned.

The application does not state the time when the manager began his inquiries for the absent witnesses; does not state the time when the residences of the witness were ascertained; does not state their places of residence, nor does it state at what time the commission to take the deposition of the witness Hudson was placed in the hands of the notary public. The statute requires that the applicant shall state the diligence used by him. The applicant shall place the court in possession of such information as would enable it to determine from the application alone what diligence had been used, and if the facts stated do not show the exercise of proper diligence, the application should be refused. We think the motion for continuance was properly overruled. (Railroad v. Ragsdale, 67 Texas, 25; Railroad v. Wheat, 68 Texas, 136.)

The second and third assignments of error are as follows:

"2. The court erred in holding that district clerks were not authorized to record deeds by the Constitution and laws in force on August 18, 1873, and that registration by the district clerk of Montague county, Texas (to which county Wichita was then attached for judicial purposes), was not proper reg-

istration, and in excluding the deed from J. W. Massie to V. S. Butts, and from V. S. Butts and her husband to William Hudson, as shown by defendant's bill of exceptions number two.

"3. The court erred in excluding from evidence the deed from J. W. Massie to V. S. Butts, from the original deed records of Wichita county, and in holding that district clerks, on August 18, 1873, had no authority to record deeds, and that, although said deed was on record in the deed records of Wichita county, that having been placed there by the district clerk, it was not properly recorded."

We find nothing in the record indicating that the court below held that district clerks were not authorized by the Constitution and laws in force on the eighteenth day of August, 1873, to record deeds. It appears from the bill of exceptions that the deed from Massie to Butts, when offered in evidence, was objected to upon the ground that "it contained no description of the land conveyed," and both it and the deed from Butts to Hudson were objected to upon the ground that "they did not appear to have been properly recorded."

It appears from the certificates of the district clerk of Montague county, attached to these deeds, that they were filed in his office for record on the eighteenth day of August, 1873, and recorded in *Clay county* records on the twenty-first day of August, 1873.

The record does not disclose the reason of the trial judge for his rulings excluding these deeds, and it must be presumed that the rulings were based upon the grounds of objection stated.

The description of the land given in the deed from Massie to Butts is as follows: "All the lands contained in patent number three hundred and sixty-three, volume fifteen, first class, to me granted by the State of Texas, that has not been legally sold or disposed of for location. The above lands being situate and lying in the county of Wichita, and fully described in patent which accompanies this deed."

That is certain which is susceptible of being made certain. The deed conveyed all of the land granted by the described patent that had not been legally sold or disposed of for location. By reference to the patent referred to in the deed, a specific and accurate description of the land could doubtless be had. We think the description sufficient, and if the court excluded it upon the first ground of objection the ruling was erroneous. (Steinbeck v. Stone, 53 Texas, 382.)

The other ground of objection to these deeds presents a more serious question. While they appear to have been filed in the proper office for registration, Wichita county being at that time attached to Montague for purposes of registration, the certificates placed upon the deeds by the recorder show that they were recorded in the record of deeds for Clay county. This most certainly was not proper registration, without which they were not admissible in evidence, unless their execution had been proved as at common law. Our Revised Statutes, article 2257, dispenses with the proof of the execution of deeds, and makes them admissible in evidence without such proof only when they have been proven or acknowledged in the manner required by law, and also duly recorded. The proper recording is indispensable to their admissibility, without proof of execution. (Gaines, Admr. v. Ann, 26 Texas, 340; Hancock v. Lumber Co., 65 Texas. 225.) We think the court did not err in excluding the deeds upon the grounds that they had not been properly recorded.

There is no question of notice in this case. Upon that question the filing for record in the proper office is equivalent to proper registration. (Rev. Stats., arts. 4332, 4334; Throckmorton v. Price, 28 Texas, 605.)

Under the rules we might very properly refuse to consider the third assignment of error, as neither it, the proposition nor statement under it contains any reference to the transcript. Upon examination of the record we find a bill of exceptions from which it appears that when the original deed record of Wichita county, containing the deed from Massie to Butts, was offered in evidence, it was objected to upon the grounds "that while the same was in the said records, it had not been properly recorded, and that the original had also been offered in evidence."

The record does not disclose the purpose for which the original record book was offered. Appellee had the right to require appellant to state the purpose for which it was offered, and it was his duty to see that the purpose stated was incorporated in the bill of exceptions with his grounds of objection. Had the record book been offered as an independent muniment of title, it would not have been admissible if objected to as being secondary evidence; but, being offered generally without any particular purpose being stated, and the objection urged against it, as shown by the bill of exceptions, not being good, if it was

admissible for any purpose, it should not have been excluded. The original deed had been excluded upon the ground that it had not been properly recorded. This difficulty might have been obviated by having the deed recorded in Wichita county at any time prior to three days before the trial, and a certificate of the fact of its having been so recorded placed upon it by the recording officer. The deed would then have been clearly admissible, there being no objection for want of filing and notice. But why would it then have been admissible? Because it had been properly recorded, and that fact proven by the certificate of the recorder. If properly recorded, may not that fact be proven otherwise than by the recorder's certificate? We think so. It is the proper recording that gives it admissibility, and we can see no reason why the fact that it has been properly recorded might not be proven by the very best evidence of the fact. The original record book is certainly the best evidence of what it contains.

The law makes the certificate of the recorder sufficient evidence of the fact that it has been properly recorded, for reasons of convenience, but the original record book containing the deed is conclusive evidence of the fact that it had been recorded. We think the original record containing the deed was admissible for the purpose only of proving that the deed had been recorded, and that the court erred in excluding it. The fact of having been recorded being proven, the deed itself would then be admissible for the purpose of proving title.

The remaining assignments of error are as follows:

"4. The court erred in holding that the plaintiff could keep his deed in his pocket for near twenty years and then recover.

"5. The court erred in rendering judgment in favor of plaintiff.

"6. The court erred in not finding that plaintiff's claim was a stale demand.

"7. The court erred in overruling defendant's motion for a new trial."

These assignments do not distinctly specify any grounds of error, as required by article 1033 of Revised Statutes, and by rules twenty-four, twenty-five and twenty-six, for the government of this court. It is useless to encumber the record with such matter, and the practice of doing so should be abandoned.

We will say, however, that the doctrine of stale demand applies only to an equitable title. Further than this, these assignments will not be considered. For the error in excluding the original deed record, we are of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Opinion adopted October 23, 1888.

STAYTON,
*Chief Justice.*