## R. T. DENNIS V. SANGER BROS.

### Decided February 17, 1897.

**1. Hearsay.**

Where one of a firm of plaintiffs testified to having made payment for defendant of certain sums sued for, but on cross-examination showed that he had no personal knowledge of such payments his testimony thereto should have been stricken out on motion.

**2. Evidence—Receipts of Third Parties.**

Plaintaiffs suing to recover for moneys paid out to other parties for defendant, under a contract authorizing them so to do, the receipts of such parties were admissible in proof of the payment to them if their execution was proved,—but not otherwise.

**3. Contract—Time Not of Essence.**

In a contract between secured creditors for the buying in of adverse claims of attaching creditors by one, and his reimbursement by the others, time was not of the essence of the contract and the right to reimbursement was not lost by delay in making the purchases, nor by the death of one of the contracting parties or insolvency of others, during such delay.

APPEAL from the County Court of McLennan County. Tried below before Hon. W. H. JENKINS.

*Herring & Kelley*, for appellant.—The court erred in rendering judgment against R. T. Dennis, for the reason that the evidence showed that the authority or power under which plaintiffs acted as a basis for their claim against defendant for money paid out by virtue of said authority had ceased and lapsed; that such authority was limited to the year 1891, and that all payments made thereafter by plaintiff were voluntary and without authority on the part of Dennis. 1 Am. & Eng. Ency., Law, 443; 1 Wait's Act. & Def., 289.

The Court erred in sustaining the plaintiffs' exceptions to defendant's

answer, setting up that the authority contained in the power of attorney, under which plaintiffs purported to have acted, had been revoked by reason of the death of W. B. Sedwick, one of the makers thereof, and by reason of the insolvency of Wells & Stone, O. F. Wells and H. K. Wall, also signers of said power, which death and insolvency occurred and were known to plaintiffs before they exercised the power given to them in said obligation sued on. The power to purchase was joint and not several. 1 Am. & Eng. Ency., Law, 447, 448; 1 Wait's Act. & Def., 290.

The court erred in refusing to rule out and not consider the evidence of Sam Sanger that he had paid the claims of H. B. Claflin & Co., E. S. Jaffrey & Co., T. L. Nugent and Stanley, for the reason that upon cross-examination the witness admitted that he had no personal information as to such payments.

The court erred in admitting in evidence (and in rendering judgment thereon accordingly) the receipts and transfers from II. B. Claflin & Co., E. S. Jaffrey & Co., T. L. Nugent and Stanley, for the reason that they of themselves did not prove payment of the matters therein stated, and the signatures thereto were not proven. Fisk v. Miller, 13 Texas, 228; McAlpin v. Ziller, 17 Texas, 513; Mills v. Berla, 23 S. W. Rep., 911.

*Clark & Bolinger* and *Dyer & Dyer*, for appellees.—Under said contract, according to its terms, time was not the controlling essence thereof. Railway v. Butler, 50 Cal., 574; Seley v. Railway, 2 Willson, C. C., sec. 87; Lawson, Contracts, sec. 455.

The court did not err in sustaining defendants' (appellees') special exception, for the reason the contract sued on was clearly a several contract, and appellees' liability thereon was accordingly a several undertaking, and was not affected by the death of his co-obligor, W. B. Sedwick, nor the insolvency of Wells & Stone, O. F. Wells and H. K. Wall, co-obligors on said contract.

The contract sued upon contemplated a purchase of the claims of H. B. Claflin & Co., E. S. Jaffrey & Co. and Mack Stadler & Co., by Sanger Bros. for the benefit of appellant and others, signing the contract sued on, including the expenses incurred in securing said claims, and the evidence is amply sufficient to establish the fact of such purchase and the payment of expenses incurred in the purchase thereof, and the court below did not therefore err in determining said fact from the evidence, nor in refusing to strike out the evidence of Sam Sanger, establishing such fact of the purchase of said claims and the payment of the expenses incurred by him for his firm in making such purchase conformably with said contract sued on.

COLLARD, ASSOCIATE JUSTICE.—This suit was brought August 8, 1895, by appellees, Sanger Bros., a firm composed of Sam Sanger and

others, against appellant, R. T. Dennis for, $457.69, paid out by Sanger Bros. for Dennis, according to an agreement hereafter mentioned.

The agreement was made under the following circumstances: October 1, 1888, G. C. Gibson, a merchant at Gatesville, Texas, executed a trust deed to C. C. Caskey, trustee, of his goods, and delivered possession, for the use of part of his creditors, preferring them, to-wit: Noyes & Fish for $2883.82, S. J. Mings for $6032.39, S. J. Mings, president of the Coryell County Bank, for $9500, and Sanger Bros. for $570.34. The goods were attached by a number of unsecured creditors, to-wit: H. B. Claflin & Co. for $1717.75, E. S. Jaffray & Co. for $5923.16, Mack Stadler & Co. for $1295.50, Alta Forwood & Co. for $1928.30, A. J. Woodruff & Co. for $549, Sheflin, Baldwin, Tweedy & Co. for $1700, and Stix, Krause & Co. for $379.15. The trustee filed affidavit and claimant's bond in the sum of $34,000, with sureties, to-wit: S. J. Mings, S. J. Mings, President of Coryell County Bank, Noyes & Fish, J. S. Triplett & Co., agents, Sanger Bros., R. T. Dennis, H. K. Wall, W. B. Sedwick, O. F. Wells, R. B. Wells, Wells & Stone, W. C. McClellan, and Schley Bros. The property was delivered to the trustee, and the cause docketed.

Afterwards, in June, 1891, the sureties on the bond became apprehensive that they would lose the suit, as one of the secured claims was fictitious, whereupon they concluded to buy in some of the attaching creditors' claims against Gibson, and they entered into the following agreement:

"THE STATE OF TEXAS, }
"COUNTY OF CORYELL, }       KNOW ALL MEN BY THESE PRESENTS, that we, Sanger Bros. and R. T. Dennis of Waco, Texas, and W. B. Sedwick, Schley Bros. and Wells & Stone and O. F. Wells of Gatesville, Texas, and H. K. Wall of Fort Worth, Texas, do make and enter into the following agreement and obligation, to-wit:

"Whereas, each of us whose names are subscribed hereto are sureties on a claim bond executed by C. C. Caskey, in cause No. 1509, pending in the District Court of Coryell County, Texas, said bond payable, among others, to H. B. Claflin & Co., E. S. Jaffrey & Co. and Mack Stadler & Co.

"Now it is hereby agreed by and between the parties hereto to buy the claims of the said H. B. Claflin & Co., E. S. Jaffrey & Co. and Mack Stadler & Co., at a sum not to exceed five thousand dollars, including expenses incurred in attending to the matter and in securing said claims, and the said Sanger Bros. are hereby authorized to purchase the said above mentioned claims at a sum not to exceed five thousand dollars, including all expenses. It is further agreed by and between the parties hereto, that in the event of the purchase of said claims by said Sanger Bros. the said Sanger Bros. shall first contribute towards said sum for which said claims are purchased the sum of five hundred and seventy and $\frac{84}{100}$ dollars, the remainder of the said sum so paid out for

the said claims to be divided equally between the said Sanger Bros., R. T. Dennis, W. B. Sedwick, Schley Bros. and Wells & Stone, O. F. Wells and H. K. Wall.

"Further, it is agreed that as soon as said claims shall be purchased by the said Sanger Bros. the amounts to be paid by each of us shall be ascertained and prorated. And we, and said R. T. Dennis, W. B. Sedwick, Schley Bros. and Wells & Stone, O. F. Wells and H. K. Wall, agree, obligate and bind ourselves to execute to the said Sanger Bros. our notes for the amount of our pro rata part of said purchase price of said claims, the said notes to become due and payable on the 1st day of December, 1891, and draw interest from the date of their execution at the rate of seven per cent per annum.

"Witness our signatures, this the 19th day of June, A. D. 1891.

> "Sanger Bros.,
> "R. T. Dennis,
> "W. B. Sedwick.
> "Schley Bros.,
> "Wells & Stone,
> "O. F. Wells,
> "H. K. Wall."

Sanger Bros. claim that they purchased and had assigned to them, for the benefit of their associates in the foregoing contract, the claim of Claflin & Co. for $500, of Jaffrey & Co. for $2503, and of Mack Stadler & Co. for $259; and also paid out in expenses various sums of money in effecting the purchases. The amount sued for is the proportion defendant Dennis is due to Sanger Bros. under the agreement.

Defendant answered by general denial, and specially that Sanger Bros. were to have settled the claims of the named creditors immediately; that they delayed until their right to perform had lapsed; that Sanger Bros. were principals and defendant was only a surety in the contract; that W. B. Sedwick had died, and Wells & Stone had become insolvent before Sanger Bros. settled the claims mentioned in the agreement, and after four years had expired from the time it ought to have been executed, wherefore plaintiffs' right to sue is barred by limitation.

The court sustained plaintiffs' special exceptions to the special pleas set up in the answer. A jury was waived, and the court tried the case and rendered judgment for plaintiffs for $492.82, from which this appeal is taken.

*Opinion.*—The judgment of the lower court must be reversed. In order to prove that plaintiffs had paid out in purchasing claims the amounts alleged, so as to ascertain the amount of defendant's pro rata so due by him to plaintiffs, Sam Sanger was called as a witness and testified that he paid for the claim of Claflin & Co. $500, of Jaffrey & Co. $2503, and of Mack Stadler & Co. $259, etc., showing other payments and expenses as alleged, in all $3774.20, and after deducting his firm's claim of $570.34 there was a balance of $3203.86, from which the pro

rata amount each party was to pay him was obtained; but upon cross-examination he stated that he knew nothing personally of the payment of the $500 to Claflin & Co., nor of the $2503 to Jaffrey & Co., as these amounts were paid in New York, while witness was in Waco, Texas, and that he only knew of these payments from inspection of data furnished him from New York, and that some other amounts were paid by Sanger Bros. at Dallas, Texas, which amounts were sent to him at Waco. These matters were charged up to his firm at Waco by his house at Dallas and their branch house in New York. He was not present when the payments were made, and knew of them only from the data in his possession. His testimony as to such payments was evidently based upon hearsay, and should have been stricken out by the court upon defendant's objection thereto.

But plaintiffs then, over defendant's objection, read in evidence the transfers of Claflin & Co., Jaffrey & Co., the Nugent and the Stanley claims to plaintiffs. The objections to the receipts were that they did not prove themselves, were ex parte, and that the signatures thereto were not proven. The ruling is assigned as error.

The execution of the transfers and receipts was not proven. If this had been done the transfers and receipts by Claflin & Co. and Jaffrey & Co. would have been admissible as prima facie evidence of the payments stated. Admissions of strangers, or parties not of record, against their interest are sometimes admissible in evidence.

The case of Sherman v. Crosby, 11 Johns., 70, is in point. In support of defendants' set-off to an action of assumpsit, they showed a written authority from plaintiff authorizing Crosby, one of the defendants, to settle a suit then pending between the plaintiff and one John Bennett in the Supreme Court, "to adjust all the matters and to pay all the dues and costs and agreeing to account to Crosby for all demands on that subject that he should settle." Defendants offered receipt of Bennett to Crosby for $411.33, in full of the judgment and execution in the suit named in the authority, except sheriff's fees on execution in his hands. It was proved that John Bennett signed the receipt. Plaintiff objected to the receipt as being no evidence of payment, and that the payment ought to be shown by the testimony of some witness. The court admitted the receipt as prima facie evidence to establish the set-off. It was held on appeal to the Supreme Court (of New York) that the receipt was prima facie evidence of the demand and payment.

Mr. Greenleaf cites this case in support of the doctrine laid down in Volume 1, sections 116 and 120, of his work on Evidence, treating of hearsay.

In this class of evidence it is not necessary to show that the party making the receipt or memorandum is dead. There was a contract made between the parties empowering Sanger to adjust these debts, and in performance of that contract all contemporaneous acts of the parties with whom he was to deal were admissible in evidence. It would be in the nature of res gestæ. The receipts in the transfers were admissible

upon proof of their execution. There was no such proof. Some of them were acknowledged by the parties making them, but they were not recorded. Until recorded, if they were permitted to be, the authentication for record would not dispense with the common law proof of their execution. It is the registration that establishes the execution of the instruments. Hancock v. Tram Lumber Co., 65 Texas, 233; Land Co. v. Chisholm, 71 Texas, 527; Gaines' Adm'r v. Ann, 26 Texas, 340.

The payment of the claims and the amount paid might have been proved by any one who personally knew the fact, but not by the receipts without proof of their execution.

The parties were severally bound by the contract to reimburse Sanger Bros. for their pro rata of the amount paid out by them in settling the claims of the creditors and for expenses referred to in the agreement, and the death of one of the parties and the insolvency of others would not affect such liability; nor did the death of one revoke the contract. Time was not of the essence of the contract.

None of the errors assigned except as shown above should be sustained. But because of the error pointed out the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*