WILLIAM L. MOODY, JR., v. E. C. OGDEN.

Decided February 6, 1903.

**1.—Deed—Recording—Certified Copy—Evidence.**

Where a deed, duly acknowledged, has been recorded in a county other that that wherein the land lies, a certified copy of such record may, under the terms of the statute, be recorded in the proper county, and such copy is admissible in evidence, both as proof of the original deed, and to show a proper record. Rev. Stats., art. 4642.

**2.—Same—Objection Too Late.**

Objection to a certified copy of the record of a deed as evidence, on the ground that the original deed was not accounted for and no notice given of intention to use copies, must be made in the trial court, or it will not be tenable on appeal.

**3.—Innocent Purchaser—Burden of Proof—Recitals in Deed.**

The claimant under a junior deed has the burden of proof that he was a purchaser for value without notice, and the recitals in his deed are not sufficient for that purpose.

Appeal from the District Court of San Jacinto. Tried below before Hon. L. B. Hightower.

*Geo. E. Mann* and *J. S. Gregory,* for appellant.

*Robinson & Hansboro* and *Lanier & Martin,* for appelleee

GILL, ASSOCIATE JUSTICE.—This was an action of trespass to try title brought by Wm. L. Moody, Jr., against E. C. Ogden for the recovery of 1280 acres of land situated in San Jacinto County, Texas. Defendant answered by a plea of not guilty and limitation of three, five and ten years. The case was tried to the court without a jury and resulted in a judgment for defendant, from which plaintiff prosecutes this appeal.

In support of his claim of title, plaintiff adduced in evidence a patent from the State to Niles F. Smith, a deed from Niles F. Smith to Abigail Smith, a deed from all the heirs of Abigail Smith to their mother Mary E. Smith, and a deed from Mary E. Smith to the plaintiff.

Abigail Smith being the common source, defendant adduced certified copy of a deed from her to Edmondson & Garner of date October 26, 1859, recorded in records of deed of Montgomery County, October 30, 1872, and it is admitted that defendant has whatever title was shown to have passed to Edmondson & Garner.

It is thus seen that plaintiff's evidence standing alone showed a complete and unbroken chain of title from the sovereignty of the soil, and, unless defendant has overthrown the case thus made, judgment should have been for plaintiff. This, however, was done, if the certified copy of the deed from Abigail Smith was properly admitted in evidence, for this deed is senior to the deed from the heirs of Abigail Smith, under which plaintiff claims, and the proof is silent as to notice and purchase for value.

The land is, and has always been, situate in San Jacinto County. The certified copy above mentioned purports to be a copy from the deed

records of Montgomery County of an instrument recorded in that county in 1872—two years after the organization of San Jacinto County, which is composed of territory formerly belonging to Polk County—and it does not appear that the instrument purported to convey any land situated in Montgomery County.

This certified copy had been recorded in San Jacinto County on June 27, 1901, under article 4642 of the Revised Statutes, and the fact was evidenced by the certificate of the county clerk of the latter county. Its admission in evidence was objected to on the ground that the Montgomery County record was not constructive notice to plaintiff, and that it was immaterial.

The first objection was not sound, because, if competent, it was clearly admissible on the issue of title. Under the second objection it is contended by plaintiff that the record in Montgomery County was a nullity, and a certified copy thereof could not be used for any purpose, no part of the land conveyed being situate in that county.

The question thus presented involves a construction of article 4642, enacted in 1895, amending article 4334 of the Revised Statutes.

Article 4642 (General Laws of 1895, page 157) is as follows:

"Every conveyance, covenant, agreement, deed, deed of trust or mortgage in this chapter mentioned, or certified copies of any such original conveyance, covenant, agreement, deed, deed of trust or mortgage copied from the deed or mortgage records of any county in the State where the same has been regularly recorded, although the land mentioned may not have been situated in the county where such instrument was recorded, and which shall have been acknowledged, proved or certified according to law, may be recorded in the county where the land lies, and when delivered to the clerk of the proper court to be recorded shall take effect and be valid as to all subsequent purchasers for a valuable consideration without notice, and as to all creditors from the time when such instrument shall have been so acknowledged, proved or certified and delivered to such clerk to be recorded, and from that time only; provided, however, that all certified copies filed and recorded under the provisions of this article shall take effect and be in force from the time such certified copy was filed for record; and provided further, that nothing in this (article) shall be construed to make valid any instrument which was at the time of its execution from any cause invalid."

Article 4334 is as follows:

"Every conveyance, covenant, agreement, deed, deed of trust or mortgage in this chapter mentioned, which shall be acknowledged, proved or certified according to law, and delivered to the clerk of the proper court to be recorded, shall take effect and be valid as to all subsequent purchasers for a valuable consideration, without notice, and as to all creditors, from the time when such instrument shall be so acknowledged, proved or certified, and delivered to such clerk to be recorded, and from that time only."

Prior to the amendment supra, the record of a deed in a county other

than that in which was situated the land, or some of the land, which it purported to convey, was a nullity and certified copies thereof were inadmissible to prove the existence of the original. Land Co. v. Chisholm, 71 Texas, 527; French v. Groesbeck, 8 Texas Civ. App., 19; Sullivan v. Dimmitt, 34 Texas, 114; Tomlinson v. League, 25 S. W. Rep., 313; Hancock v. Lumber Company, 65 Texas, 225.

But if any part of the land was situated in the county of registration, such record not only constituted constructive notice as to lands situated in that county, but constituted proof of the lost original as to all the lands which the original purported to convey.

It thus appears that a deed recorded in a county other than that in which some of the land affected by it was situated was not "regularly recorded."

Article 4642 appears in the Revised Statutes as a part of our registration laws. It was an amendment thereof as they then existed. The article amended made no provision for the registration of copies of deeds which had been registered in a wrong county. Looking to the evil to be remedied, which is stated in the emergency clause in the act, we are constrained to conclude that it was the legislative purpose to aid those who by mistake or otherwise had recorded their deeds in a county other than that in which the land was situated, and had lost the originals. Under the law as it then stood such persons had no way of proving the lost original, except by the common law method of establishing the existence of instruments which had been lost or destroyed, and no means of protecting their rights under the registration laws.

This aid could be extended only by validating such invalid records so that they might become proof of the execution of the original, and by authorizing a copy of such record to be recorded in the county in which the land was situated. That it was competent for the Legislature so to do is not questioned, and we think the legislative purpose is plain.

The record in the wrong county could not have been left a nullity, for it is made the basis of the copy which for the purposes of notice may be recorded in the county where the land lies. The act gives verity to the first record, and, that being true, certified copies thereof are admissible, as of any other valid record. It follows that the certified copy was properly used for the double purpose of supplying proof of the original, and to show the record of the copy in San Jacinto County.

The further objection that the original was not accounted for, and that no notice was given of the intent to use copies, is untenable, because no such objection was made at the trial, and for the further reason that such proof and notice was waived by agreement.

As stated before, plaintiff's deed is junior. The burden was therefore upon him to show that he was a purchaser for value, without notice, and the recitals in the deed are insufficient for the purpose. Turner v. Cochran, 94 Texas, 480, 2 Texas Ct. Rep., 309.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.