COLEMAN et al. v. GARVIN et al.

(Court of Civil Appeals of Texas. Galveston. May 22, 1913. Rehearing Denied June 19, 1913.)

1. VENDOR AND PURCHASER (§ 279*) — VENDOR'S LIEN—ACTIONS—NECESSARY PARTIES.

In a suit against a purchaser of real estate on purchase-money notes executed by him and to foreclose a vendor's lien, a subsequent purchaser of the land from the purchaser is not a necessary party, though he assumed payment of the notes on condition that the vendor and purchaser furnished affidavits of limitation title.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 778–782; Dec. Dig. § 279.*]

2. PARTIES (§ 56*)—PROPER PARTIES—DISCRETION OF COURT.

Under Rev. St. 1895, art. 1208, authorizing the bringing in of additional parties on such terms as the court may prescribe, the court may, in its discretion, determine whether plaintiff shall be compelled to delay the trial to meet new matter set up by a third person, not a necessary party, for the first time at

the moment of the trial; and it is not error to dismiss the third person from the suit.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 87; Dec. Dig. § 56.*]

3. BILLS AND NOTES (§ 489*)—ACTIONS—ISSUES, PROOF, AND VARIANCE.

The variance between the petition in an action on notes and the notes introduced in evidence, arising from the fact that the petition omits the matter of indorsement of payment of interest, and omits in the description of the notes the stipulation that past-due interest shall bear interest, and because the notes do not describe the land on which a vendor's lien is asserted as it is described in the petition, is immaterial because not misleading.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1587–1642; Dec. Dig. § 489;* Pleading, Cent. Dig. § 1325.]

4. APPEAL AND ERROR (§ 181*)—QUESTIONS REVIEWABLE — QUESTIONS NOT RAISED IN TRIAL COURT.

An objection not made in the lower court cannot be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1141–1151, 1157, 1158, 1160; Dec. Dig. § 181.*]

5. APPEAL AND ERROR (§ 743*) — QUESTIONS REVIEWABLE—ASSIGNMENTS OF ERROR.

An assignment of error complaining of the admission of evidence will not be considered where the court is not referred to as required by Courts of Civil Appeals, rule 31 (142 S. W. xiii) to the facts supporting the assignment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2999, 3011; Dec. Dig. § 743.*]

6. APPEAL AND ERROR (§ 733*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error that the court erred in rendering judgment against defendant on the notes sued on, or either of them for any sum, and an assignment that the court erred in foreclosing a lien on the land described in the judgment, are too general, and will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3025–3027; Dec. Dig. § 733.*]

7. BILLS AND NOTES (§ 129*)—FAILURE TO PAY ONE OF SEVERAL NOTES AT MATURITY —OPTION OF PAYEE—NOTICE.

A payee of notes who may, at his option, declare all the notes due for nonpayment of the note first maturing, need not give the maker notice of his election to declare all the notes due before placing them in the hands of an attorney for collection and making a contract for attorney's fees, and he may recover the same as provided in the notes.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 283–292; Dec. Dig. § 129.*]

Appeal from District Court, Brazoria County; Wells Thompson, Judge.

Action by John C. Garvin and another against A. H. Coleman, in which Elmer R. Stockwell filed an answer, which, on motion, was stricken out. From a judgment for plaintiffs, defendant Coleman and Elmer R. Stockwell appeal. Affirmed.

Elmer P. Stockwell, of Angleton, for appellants. H. Grass, of Alvin, and Masterson & Rucks, of Angleton, for appellees.

REESE, J. John C. Garvin and S. M. Garvin sued W. H. Coleman in the district court upon two promissory notes for $233.50 each and to foreclose the vendor's lien on certain lands, for the purchase money of which, it is alleged, the notes were executed. A trial without a jury resulted in a judgment for plaintiffs against defendant for the amount due on the notes, together with attorney's fees and foreclosure as prayed for, from which judgment both Coleman and Wm. R. Stockwell whose connection with the case will be later shown appeal.

The suit was instituted in November, 1911, to the February term of the court, which began February 19, 1912. On February 21st, the day the cause was called for trial, defendant Coleman filed an amended answer, setting up that he had sold the land to Wm. R. Stockwell, who had assumed payment of the notes, and making him a party defendant. This answer also alleged that plaintiffs had agreed to release Coleman from the notes. When the case was called for trial, Coleman moved the court for a continuance in order that he might have Stockwell brought in by service of process. Plaintiff objected to the delay. Evidence was heard on the motion for continuance, in which Coleman testified that plaintiffs had not agreed to release him from the notes. The court refused the application for continuance to get service on Stockwell. Stockwell thereupon, through the same attorney who represented Coleman, appealed and filed answer, alleging the purchase of the land from Coleman, and that he had assumed the payment of the notes upon condition that plaintiffs and Coleman furnish certain affidavits showing limitation title. The plaintiffs, through their counsel, then moved the court to strike out Stockwell's answer, and dismiss him from the case, on the ground that their clients were absent from the court, and that, in order to enable them to meet with proof, the allegations of the answer a continuance would be necessary. This motion was sustained and Stockwell was dismissed, to which he excepted.

[1, 2] Stockwell was not a necessary party to the suit. Ufford v. Wells, 52 Tex. 612; Foster v. Powers, 64 Tex. 247; Cattle Co. v. Boone, 73 Tex. 548, 11 S. W. 544. Not having been foreclosed by the judgment, whatever equities he may have still remain in him. It was within the discretion of the court to determine whether, in the circumstances, plaintiffs should be compelled to delay a trial in order to be able to meet the new matter set up by Stockwell for the first time at the moment of the trial, and the court did not err in dismissing him from the suit. Article 1208, R. S. It was not in any way necessary to the rights of either defendants that Stockwell be allowed to litigate in this action the matters set up by him. Pierce v. Moreman, 84 Tex. 596, 20 S. W. 821.

---

[3, 4] The notes sued on were not set out in full but by general description as follows: "That heretofore, to wit, on or about the 6th day of April, A. D. 1909, the said defendant made, executed, and delivered to plaintiffs his two promissory vendor's lien notes for the sum of two hundred thirty-three and $50/100$ ($233.50) dollars each, and bearing date on the said 6th day of April, 1909, and due and payable to said John C. Garvin and S. M. Garvin on or before two and three years after date, respectively, with interest at the rate of 8 per cent. per annum after date, payable annually, and stipulating for the payment of an additional 10 per cent. on the amount of principal and interest due as attorney's fees, if said notes are placed in the hands of an attorney for collection, or if collected by suit." The notes introduced in evidence correspond to the description, except that they were payable to the order of J. C. Garvin and M. L. Garvin, and provided that all past-due interest should bear interest at 10 per cent., and they each bore an indorsement that the interest was paid "to April 6, 1910." Objection was made to the introduction of the notes in evidence on the ground of variance (1) because the notes in the petition omit the matter of the indorsement of payment of interest; (2) because such description omits the stipulation that all past-due interest shall bear interest at 10 per cent. per annum; and (3) because the notes do not describe the land upon which the vendor's lien is asserted as it is described in the petition. The objections were overruled and the notes admitted in evidence, to which defendant Coleman excepted. We do not think the variance set out in the objection were such as to mislead the defendant. Rees v. Clark and cases cited, 39 S. W. 161. The other objection urged in the brief that the notes declared on were payable to J. C. Garvin and S. M. Garvin, while the notes introduced in evidence were payable to J. C. Garvin, and M. L. Garvin was not made in the lower court, and cannot be considered here.

[5] By the fourth assignment of error appellant complains of the action of the court in admitting over his objection a certified copy of the deed from the Garvins to Coleman; the objection as stated in the assignment being that appellant had not been given three days' notice of the filing of the same among the papers of the case. It is not shown by the statements from the record that any objection was made to the evidence, nor does it appear either from the assignment itself or the statement from the record that the ruling was excepted to. We are not referred to any bill of exceptions, and are not required to dig into the record for the facts supporting the assignment or propositions thereunder, which, as so plainly provided by rule 31 (142 S. W. xiii), shall be stated in the brief. For this reason the assignment will not be considered.

[6] The fifth assignment complains that "the court erred in rendering judgment against defendant Coleman on said notes, or either of them for any sum whatever." The sixth assignment is "the court erred in foreclosing a lien on the land described in the judgment." Both of these assignments are too general and will not be considered. Mynders v. Ralston, 68 Tex. 499, 4 S. W. 854; Land Co. v. Chisholm, 71 Tex. 528, 9 S. W. 479; American Legion of Honor v. Rowell, 78 Tex. 677, 15 S. W. 217; Douglass v. Duncan, 66 Tex. 128, 18 S. W. 343.

[7] We have examined the remaining assignments of error, and they may be disposed of without discussion. By the express terms of the notes failure to pay the first due at the option of the holder matured the second. It was not necessary for plaintiffs to give defendant notice of his election to declare the second note due, when default was made in payment of the first note, before placing same in the hands of an attorney for collection and making a contract for attorney's fees and recovering the same, as provided in the notes. None of the said assignments and propositions thereunder presents grounds for reversal.

We find no reversible error, and the judgment is affirmed.

Affirmed.