## DRYDEN et al. v. TREAT. (No. 2931.)

Court of Civil Appeals of Texas. Amarillo. Jan. 4, 1928.

**1. Appeal and error ⬤⟿731(5), 733—Assignments that verdict was contrary to evidence and judgment was contrary to law held not reviewable because too general.**

Assignments of error in transcript on appeal that the verdict was contrary to the evidence and the judgment was contrary to law *held* too general to require consideration.

**2. Appeal and error ⬤⟿1078(1)—Assignments not brought forward in appellants' brief held not reviewable.**

Where appellants failed to bring assignments of error forward in their brief on appeal, the assignments·could not be considered.

**3. Appeal and error ⬤⟿722(1), 745—Assignments of error not made on motion for new trial or filed in trial court will not be reviewed on appeal.**

Assignments presented in brief on appeal which were not made on motion for new trial and were not filed in the trial court do not require consideration.

Appeal from District Court, Lamb County; Charles Clements, Judge.

Suit by John A. Dryden, and another against S. W. Treat. From a judgment for plaintiffs for part of the relief sought only, plaintiffs appeal. Affirmed.

John H. Wood, of Amherst, for appellants. E. A. Bills, of Littlefield, for appellee.

JACKSON, J. This suit was instituted in the district-court of Lamb county by the appellants John A. and J. E. Dryden, against the appellee, S. W. Treat.

Appellants alleged that on·April 16, 1926, the appellee executed and delivered to them his promissory note for the sum of $1,000, bearing 10 per cent. interest per annum from date, containing the usual stipulation for 10 per cent. attorney's fees, payable August 1, 1926, and that the payment of said note was secured by a chattel mortgage on certain property described in the petition.

They also alleged that on April 16, 1926, appellee executed and delivered to A. C. Findley his certain promissory note for the sum of $300, bearing interest at the rate of 10 per cent. per annum, with the usual stipulation for 10 per cent. attorney's fees, pay-

able on May 10, 1926, and that the payment thereof was secured by a vendor's lien on lot 12 in block No. 2 of the original town site of Sudan, Tex.; that said $300 note was, before maturity, transferred to appellants and they were the legal owners thereof.

They gave credits for payments that he had made, reducing their demand to the sum of $700, alleged default in the payment of said balance, and sought a foreclosure of both the chattel mortgage lien and the vendor's lien.

The appellee answered by general exceptions, general denial, set up certain payments he had theretofore made to appellants, and alleged that he gave the $1,000 note, as per written contract between him and appellants, in consideration of certain sums to be advanced to him and the payment of certain of his debts to other parties by appellants out of said $1,000 evidenced by said note, among which was the $300 note he had given to A. C. Findley and the payment of said $300 note by appellants was a part of the consideration for the $1,000 note he had executed to them; that appellants paid the Findley note, as agreed; and that he had paid appellants all but a small balance on the $1,000 note.

In response to special issues submitted by the court, the jury found, in effect, that under the contract the appellants were to pay Findley the $300 note which was to become the property of appellee, and he was to pay the appellants therefor; that the appellee was not liable to appellants on both of said notes.

The court, in his judgment, found the testimony to be insufficient to authorize a foreclosure, and that appellants were entitled to recover only on the $1,000 note, and that the balance unpaid thereon, including interest and attorney's fees, was the sum of $224.65, for which he rendered judgment in favor of the appellants, but refused a foreclosure of either of said alleged liens.

No mortgage was introduced, so far as this record discloses, and the $300 note alleged to be secured by a lien on land does not evidence any lien nor describe any real estate, and no deed or other written instrument describing lot 12 in block 2 in the original town site of Sudan appears in the record.

The mortgage given to secure the $1,000 note, as disclosed by the oral testimony, covered some crops belonging to the appellee. These crops were sequestered by appellants, replevied, and sold, and credit given appellee for the proceeds thereof, and it could have availed appellants nothing to have foreclosed the mortgage lien on said crops.

There is no testimony in the record identifying the real estate on which a lien was claimed to secure the $300 note, if, under the facts as revealed by the record, appellants had been entitled to a foreclosure of such lien.

[1] The assignments of error appearing in the transcript are that the verdict is contrary to the evidence and the judgment is contrary to law. These assignments are too general to require consideration. Farrar v. Edwin Bates & Co., 55 Tex. 193; I. & G. N. Ry. Co. v. Irvine, 64 Tex. 529; Falls Land & Cattle Co. v. Chisholm, 71 Tex. 523, 9 S. W. 479; Alsabrook v. Bishop (Tex. Civ. App.) 295 S. W. 646.

[2] If, however, such assignments were sufficiently definite and certain, appellants failed to bring them forward in their brief, for which reason they cannot be considered. Clonts et al. v. Johnson (Tex. Com. App.) 294 S. W. 844.

[3] Appellants present two assignments in their brief, neither of which is in their motion for a new trial, and neither of which was filed in the trial court, and therefore do not require consideration. Dunn et al. v. Lamar County Levee Improvement District No. 1 (Tex. Civ. App.) 293 S. W. 284; St. Paul Fire & Marine Ins. Co. v. Earnest et al. (Tex. Civ. App.) 293 S. W. 677; Scaling v. Bellevue Ind. School Dist. (Tex. Civ. App.) 285 S. W. 678.

There is no fundamental error apparent of record. The judgment is therefore affirmed.