## MALONE v. TEXAS INDEMNITY INS. CO. (No. 3073.)

Court of Civil Appeals of Texas. Amarillo.
Sept. 26, 1928.

Rehearing Denied Oct. 24, 1928.

Jno. T. Buckley, of Borger, for appellant.
Don Emery, of Amarillo, for appellee.

RANDOLPH, J. This is a companion case to Malone v. United States Fidelity & Guaranty Co. (cause No. 3072), 9 S.W.(2d) 461, this day decided by this court. The opinion in that case, so far as it is applicable, will be adopted for the decision of the questions therein discussed in this case.

Counsel for appellee, with commendable frankness, has in his argument filed herein, conceded that his motion to dismiss the appeal, based on the question discussed by us in the companion case, should be overruled, and has cited the case of the City of Houston v. Wynne (Tex. Civ. App.) 279 S. W. 916, as assisting him in arriving at such conclusion. Hence we do not deem it necessary to further discuss the question presented in said motion.

■ The fact that the defendant in this suit filed his motion to dissolve, based upon allegations of fact and denials of allegations contained in the petition for injunction herein, does not enter into the decision of the questions presented by this appeal. The defendant made his election to appeal from the order granting the temporary injunction and the questions presented by this appeal arise wholly on the sufficiency of the petition. This being true, it then, as in the companion case, becomes a material question that the appellee failed to expressly deny the alleged contract of employment. It is true that appellee urges that the claims are of such nature as to require their presentation to the Industrial Accident Board, but the petition for the injunction, containing no express denial of the plaintiff's cause of action, leaves an issue of fact practically controverted because the plaintiff, in the justice court, sues upon an express contract, and this court is without jurisdiction to determine the question thus presented.

■ Upon the question of multiplicity of suits, we find from the record that the aggregate amount of the suits filed in justice court is only $198.50, thus placing the total amount within the jurisdiction of the justice court, if the cases were consolidated. In view of the right of the defendant in those cases to have the cases consolidated, we cannot assume that the justice court will not, on motion, consolidate them. That is the plaintiff's legal remedy, and, until he exhausts such remedy, this court is without jurisdiction to determine the matters now before us. We hold thus because of the clear holding of Judge Gaines in the case of Galveston, H. & S. A. Ry. Co. v. Dowe, 70 Tex. 5, 7 S. W. 368, wherein he says:

"The rule is that, if in the tribunal which has jurisdiction of the demands, there can be a consolidation, then it is the duty of the party to resort to this remedy, and equity will not interfere."

We render this decision with extreme reluctance as we think the record presents a multiplicity of suits where only one should have been brought, and we will assume that the justice court will consolidate the cases and perform his legal duty.

We therefore reverse the judgment of the trial court, and here render judgment dismissing the temporary writ of injunction.