## CONN v. BELK.

No. 1925.

Court of Civil Appeals of Texas. Beaumont. Feb. 26, 1930.

Rehearing Denied March 12, 1930.

G. E. Richardson, of Jasper, for appellant.
Smith & Lanier, of Jasper, for appellee.

HIGHTOWER, C. J.

The appellant, S. B. Conn, prosecutes this appeal from a judgment of the district court of Jasper county probating a will of one Tom Casey, who died June 12, 1925. The record shows that shortly after Casey's death, appellant filed in probate court of Jasper county an application to probate a will executed by Casey, dated June 22, 1924. About the same time the appellee here, N. F. Belk, filed an application in the probate court of

Jasper county to probate a will of Casey, dated June 9, 1925. The applications of both Conn and Belk were consolidated in the probate court, and that court, after hearing of the applications, denied probate of the will tendered by appellee, Belk, which was the later will, and admitted to probate the prior will tendered by appellant, Conn. From that order of the probate court, Belk appealed to the district court.

When the case was reached for trial in the district court the appellee here, Belk, admitted in open court that Casey was possessed of the requisite testamentary capacity at the time he executed the prior will tendered by appellant, Conn, and that all legal requirements to give that will validity were complied with.

In the district court, the case was tried with a jury and the only issue submitted was whether Casey, at the time of the execution of the later will tendered for probate by the appellee, Belk, had sufficient mental capacity to execute a will. This question, that is, as to Casey's mental capacity at the time he executed the later will, was properly submitted to the jury and was answered by the jury in the affirmative, and the trial court rendered judgment upon the verdict in favor of the appellee.

We find in appellant's brief only two assignments of error. The first assignment of error is: "That the trial court erred in overruling appellant's motion for a new trial for the reason that the verdict and judgment are contrary to the law and the evidence and the evidence is not sufficient to support the verdict and judgment."

The second assignment is: "That the trial court erred in overruling appellant's motion for a new trial for the reason that the finding of the jury is against the preponderance of the evidence, and such finding is so against the overwhelming weight of the evidence that said motion for a new trial should have been granted."

These assignments of error, so-called, are followed by relevant propositions which, if the assignments themselves were sufficient, would require consideration by this court. Counsel for appellee, however, strenuously object to our consideration of these assignments of error and the propositions thereunder on the ground that the assignments of error are entirely too general, in that they fail to point out or specify any particular error, and fail to point out or specify wherein or in what particular the judgment rendered by the trial court is contrary to the law and the evidence, and fail to point out or specify in what particular the jury's verdict is unsupported by the evidence.

After due consideration, we have reached the conclusion that the objections of appellee to our consideration of appellant's assignments of error must be sustained. It is manifest from both of these assignments of error that neither of them points out or specifies any particular error of which appellant complains. We very much doubt that any authority in this state could be found that holds that either of the assignments of error under discussion is sufficient to require or authorize consideration by an appellate court. The following authorities cited in appellee's brief sustain his contention that appellant's assignments of error are entirely too general and insufficient to require or authorize consideration by this court. Security Union Casualty Co. v. Peer Oil Corp. (Tex. Civ. App.) 1 S.W.(2d) 1109; Largent v. Etheridge (Tex. Civ. App.) 13 S.W.(2d) 974; Dryden v. Treat (Tex. Civ. App.) 1 S.W.(2d) 759; Rieger v. Smith (Tex. Civ. App.) 2 S.W.(2d) 883; Galveston, etc., Ry. Co. v. Leifeste (Tex. Civ. App.) 8 S.W.(2d) 764; Guarantee Bond & Mortgage Co. v. Newsom (Tex. Civ. App.) 9 S.W.(2d) 1055. Many more decisions by the appellate courts of this state might be cited sustaining our conclusion that appellant's assignments of error in this case are entirely too general, and insufficient to require or authorize consideration by this court. This court is only authorized to reverse the judgment of a trial court for errors of law duly assigned, or errors of law "apparent on the face of the record," commonly called fundamental error. An error of law is not duly assigned in contemplation of this rule, where the assignment wholly fails to point out or specify the claimed error, or which wholly fails to point out or specify wherein or in what particular a jury's verdict is unsupported by evidence, or is against the overwhelming weight of the evidence. In other words, such an assignment of error is no assignment of error at all, and where such is the case, this court cannot reverse the trial court's judgment in the absence of an error of law "apparent on the face of the record," or fundamental error, citing Blackmon v. Trail (Tex. Com. App.) 12 S.W.(2d) 967, 968, and authorities there cited.

There is no error of law apparent on the face of the record in this case, and we are not required or authorized, in the absence of a sufficient assignment of error attacking the jury's verdict as being unsupported by the evidence or being against the overwhelming weight of the evidence, to go to the statement of facts in this case and consider the evidence bearing upon the issue of fact that was submitted to the jury. Ford & Damon v. Flewellen (Tex. Com. App.) 276 S. W. 903; Houston Oil Co. of Texas v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85; Heard v. Nichols (Tex. Com. App.) 293 S. W. 805. It was said by our Commission of Appeals in Blackmon v. Trail, supra, that: "If it be conceded, as it must be, that the Court of Civil Appeals is not required to consider such

an alleged error, it necessarily follows that that court has no power to consider such an error, even though it should elect to do so. Its power or authority, as above indicated, depends upon the presentation to it of such an error as would require consideration at its hands. If it were held that the Court of Civil Appeals might at its option reverse the judgment of a trial court for an error not assigned, nor apparent of record, it would follow the statutes defining the jurisdiction of that court, so far as the nature and extent of the error is concerned, would be nugatory, and its jurisdiction would depend upon the caprice or individual view of that particular court. It would produce untold confusion in the practice, and the result would be completely at variance with our whole scheme of statutory powers and jurisdiction of courts."

It follows, from the conclusions above expressed, that the judgment of the trial court must be affirmed, and such has been our order.