**JOHN F. CLARK & CO. v. MORGAN.**

No. 5077.

Court of Civil Appeals of Texas. Texarkana.

May 6, 1937.

Allen Reed, of Dallas, for plaintiff in error.

Cunningham & Lipscomb, of Bonham, for defendant in error.

HALL, Justice.

Plaintiff in error was plaintiff below, and defendant in error was defendant below, and they will be designated here as in the lower court.

Plaintiff instituted this suit against defendant on a note. The answer of defendant to this suit was in substance and effect that the note sued on was given to cover amounts owing by defendant on his dealings, through plaintiff, in cotton futures, and on that account said note was without consideration and void. This contention of defendant was denied in detail by plaintiff and facts were alleged by plaintiff which would make said transaction legal.

Trial was to the court without a jury, and resulted in judgment for defendant. Plaintiff has appealed.

Plaintiff brings forward two assignments of error which are: (1) "The court erred in rendering judgment in favor of defendant G. W. Morgan and refusing judgment for plaintiffs for their debt; (2) the court erred in rendering judgment in favor of defendant G. W. Morgan."

These assignments do not direct the attention of this court to any specific error committed by the trial court, and are therefore too general for consideration. They cannot be considered assignments at all. In discussing assignments of error similar to those in this case, the Beaumont Court of Civil Appeals in Conn v. Belk, 26 S.W.(2d) 293, 294, writ dismissed, says: "It is manifest from both of these assignments of error that neither of them points out or specifies any particular error of which appellant complains. We very much doubt that any authority in this state could be found that holds that either of the assignments of error under discussion is sufficient to require or authorize consideration by an appellate court. The following authorities cited in appellee's brief sustain his contention that appellant's assignments of error are entirely too general and insufficient to require or authorize consideration by this court." Judd v. Wyche (Tex.Civ.App.) 80 S.W.(2d) 808,

and authorities there cited; Western Union Life Co. of Houston v. Ensminger (Tex. Civ.App.) 103 S.W.(2d) 162, and authorities there cited.

After due consideration, we find no errors of law apparent on the face of the record.

Therefore the judgment is affirmed.