ELECTRA C. HANCOCK ET AL. V. THE TRAM LUMBER CO. ET AL.

(Case No. 1890)

1. EVIDENCE—REVISED STATUTES, ART. 2257—DEEDS—CERTIFIED COPY—Whilst the primary and leading object of registration under the laws of this state is notice, yet the purpose of art. 2257, R. S., is not to give notice but to establish a rule of evidence ; and under that statute if an instrument required or permitted by law to be recorded has been acknowledged or proved for record, and recorded as the law directs, the original, on compliance with the other provisions of the law, will stand as though its execution had been proved as at common law, unless an affidavit of forgery be filed ; and so also will a certified copy thereof, if the inability of the party offering it to produce the original be shown.

2. SAME—REGISTRATION—RULE OF EVIDENCE—Under the statute the valid registration of a deed in one county establishes *prima facie* its execution for all the purposes for which the deed may be used, and the place where it is to be used in evidence cannot affect the question. There cannot be a rule of evidence in force in this state which makes a deed evidence of title in one county and not in another, except as title may be affected by the question of notice.

3. SAME—DECLARATIONS AND RECITALS—PRIVIES—ESTOPPEL—The declarations and recitals of a person through whom parties claim title to land, if made while the title was in him, are admissible as evidence against such parties to show the extent of his title and the character of his holding.

4. SUIT BY ONE TENANT IN COMMON AGAINST PARTIES SHOWING NO RIGHT—The extent to which one tenant in common may recover against persons showing no right is well settled in this state. (Sowers v. Peterson, 50 Tex., 217 ; Pilcher v. Kirk, 60 Tex., 162.

APPEAL from Jasper. Tried below before the Hon. W. H. Ford.

The appellants, Electra C. Hancock, and her husband W. J. Hancock, H. H. Allen, Jr., Emmett B. Allen, Myrtle Hancock and her husband Jas. W. Hancock, as plaintiffs below, filed their petition in the district court of Jasper county, July 25, 1882, in the ordinary

form of trespass to try title, against the Tram Lumber company, James Masterson and Henry Fox, to recover a league of land in Jasper county, granted to Martin Flores. The plaintiffs claimed title as the heirs of Harvey H. Allen, deceased.

Defendants pleaded not guilty.

John K. Allen, the common source of title under a deed made to him by Martin Flores, June 28, 1838, died single, in Houston, Texas, August 15, 1838. He then had living his father, Roland Allen, and his mother, Sally Allen, and five brothers, Augustus C., Samuel L., George, Henry R. and Harvey H. Allen, and a sister, Jane Allen. Sally Allen died September 20, 1841; Roland Allen died June 6, 1843; Harvey H. Allen died April 21, 1862, leaving his wife, Electra C. Allen (who has since married W. J. Hancock), and several children, who are appellants in this suit.

Plaintiffs read in evidence a deed made by H. R. Allen and Samuel L. Allen to Harvey H. Allen, March 18, 1840, conveying to him the Martin Flores league in consideration of $3,000.

Plaintiffs read a conveyance from Augustus C. Allen to H. R. and S. L. Allen, made March 18, 1840, wherein he released all lien, claims or interests that he had in the Martin Flores league, and he also "ratified and declared good" the sale made by H. R. and S. L. Allen to Harvey H. Allen. The consideration recited is $1,000.

Defendants offered the following chain of title: A quit claim deed made by Charlotte M. Allen, surviving wife of Augustus C. Allen, and Eliza Converse, his only child, joined by her husband, James Converse, to Robert C. Files, Laura Lubbock, Janie F. Boykin and Mandy Files, heirs of David Files, and dated March 5, 1878. This conveyance purports to be made in consideration of the fact that the releasors believe that Augustus C. Allen had made a deed of the Flores league to David Files and to prevent a suit for the title against them, and also a consideration of $10.00 The release is to all their interest in and to the Flores league and other tracts of lands.

A deed of "bargain, sale and release" by Robert C. Files to James Masterson of his one-third interest in the Flores league as heir of David and Charlotte B. Files and Mandy Files, deceased, dated August 17, 1881. This deed conveys an interest in another tract of land, with general warranty. The consideration recited as paid for the Flores league interest is $100, and as to this tract the warranty is special.

A deed from Laura Lubbock and her husband T. U. Lubbock, to James Masterson, made June 3, 1882, conveying their one-third interest in the Flores league, as heirs of David, Charlotte B. and Mandy Files, in consideration of $300, special warranty of title.

Quit claim deed, with special warranty, from Janie F. Boykin to Henry Fox, dated September 20, 1881, conveying one-third interest in the Flores league, upon a consideration of $369.

Warranty deed from O. R. Sholars to G. W. Norsworthy to three thousand seven hundred and eighty-eight acres of the M. Flores league, dated September 28, 1881. The deed recites a purchase by Sholars at tax sale, September 10, 1878, and a consideration of $1,000.

Special warranty deed from G. W. Norsworthy to the Tram Lumber company for the same land, dated October 4, 1881, and reciting a consideration of $4,500.

R. C. Files testified that he had seen among the papers of his father, David Files, a deed purporting to have been made by James S. Holman, attorney in fact for A. C. Allen, to David Files, dated prior to 1846, for the Flores league. He thought the deed had been recorded in Jasper county, and said ;that the records of Jasper county had been burned at an early period. David Files died in 1853; his wife died in 1877. He also testified that Masterson paid him the $100, and the deed was made in good faith.

Henry Fox testified to the purchase of the interest of Janie Boykin in good faith, and the payment of the $369. T. U. Lubbock testified to the sale in good faith by himself and wife to Masterson, and the payment of the $300 consideration.

The unrendered tax roll of Jasper county for 1877 was read, and showed the Martin Flores league as assessed thereon.

The plaintiffs, in order to show title by purchase under John K. Allen, offered in evidence a certified copy from the records of Harris county of a deed from A. C. Allen, as surviving partner of A. C. & J. K. Allen, to H. R. and S. L. Allen, dated January 16, 1839, and, in connection therewith, an affidavit of the loss of the original, and of diligent search and inquiry for the same. This deed was made by Augustus C. Allen on January 16, 1839, in his own behalf, and as survivor of the partnership of A. C. & J. K. Allen, wherein he conveyed to Samuel L. Allen and H. R. Allen (his brothers under whom plaintiffs claim) a great number of leagues of land situated throughout Texas, also many lots in the city of Houston, Harris county. After reciting many grants of land the instrument, which is rather an assignment than a deed, contains the following recital: "This instrument is intended to transfer, for all and several, every article, parcel of property of whatever nature which the said A. C. Allen now owns as his property or the property of his deceased brother, John K. Allen, in this republic, and if it shall be found that any piece or pieces or parcels of property have been overlooked and not incorporated in this article

which is the property of A. C. Allen, he, A. C. Allen, agrees and binds himself in such case to make special transfers of the same when required so to do by the assignees thereof." This instrument was attested by William R. Baker and John A. Yates, and duly proven up for record by W. R. Baker, January 19, 1839, and recorded in Harris county on same date.

Defendants objected to its admissibility on the ground, amongst others, that the original had never been recorded in Jasper county. The objection was sustained. The certified copy was filed in the papers of the court, February 28, 1883.

Plaintiffs then offered the same certified copy of the instrument as an ancient instrument. The same objections were made, and the court refused to permit it to be read. Plaintiffs offered in connection with the foregoing instrument a certified copy of an inventory and appraisement of property of the partnership of A. C. & J. K. Allen in Harris county, Sept. 12, 1838. This inventory recites the Martin Flores league as part of the property. The appraisers, R. Barr and R. A. Irion, made affidavit to the appraisement; and on the same day and before the same officer, as certified by him, "appeared citizen A. C. Allen, surving partner of the firm of A. C. & J. K. Allen, who, being sworn, declared that to the best of his knowledge and belief the inventory hereto annexed of the late firm is a true statement of all their property in this republic." This inventory was ordered recorded by the probate court, September 13, 1838.

Defendants objected because the inventory was not signed by A. C. Allen, and because it was not evidence of title, and the court excluded the papers, to which plaintiffs excepted. Plaintiffs then offered a deed from Henry R. Allen and Samuel L. Allen to Harvey H. Allen, conveying to him the Martin Flores league in consideration of $3,000. This deed bears date March 18, 1840, and was duly attested by William R. Baker and James S. Holman as subscribing witnesses. The defendants objected to the reading of the following part of that deed "because it was a recital and not evidence of the facts," viz.: "We, H. R. and S. L. Allen, declaring that deed was made by Martin Flores to John K. Allen, June 28, 1838, and that Augustus C. Allen did, by virtue of an agreement of partnership which constituted him an equal owner with his brother, John K. Allen, whether his name appears in the fee of the property or not, and by a decree of the probate court of Harris county, both of which documents will be found on the records of the county, sell to us, January 16, 1839, the above described one league and labor of land." The court sustained the objection, and plaintiffs excepted. Plaintiffs next offered a deed made by

Augustus C. Allen, as surviving partner of J. K. Allen, releasing to H. R. and Samuel L. Allen all lien, claims or interest which he had to the Martin Flores league, and ratifying and declaring good the sale H. R. and S. L. Allen had made to Harvey H. Allen. This instrument was dated March 18, 1840, and attested by William R. Baker and James S. Holman, subscribing witnesses. The defendants objected to the reading of the following words, because they were recitals and not evidence of the facts, viz., "surviving partner of John K. Allen." The court sustained the objection, and plaintiffs excepted.

The cause was tried March 7, 1884, and resulted in a judgment for the plaintiffs for one-sixth of the league. Plaintiffs appealed from this judgment and assigned the following errors :

1. The court erred in excluding the certified copy of the deed from A. C. Allen, as surviving partner of A. C. & J. K. Allen, to H. R. and S. L. Allen, copied from the records of Harris county and dated January 16, 1839, which was offered in evidence as a conveyance of all the land belonging to them as co-partners, and as tending to prove the existence of the partnership and his right to dispose of the same in winding up such co-partnership.

2. The court erred in excluding the copy of the deed from A. C. Allen, as surviving partner of A. C. & J. K. Allen, to H. R. and S. L. Allen, copied from the records of Harris county, dated January 16, 1839, and recorded January 19, 1839, which was offered in evidence by plaintiffs as an ancient instrument tending to prove the conveyance of the lands belonging to A. C. & J. K. Allen, and all facts therein recited.

3. The court erred in excluding the inventory of lands and other property belonging to the partnership of A. C. & J. K. Allen, filed and sworn to September 12, 1838, together with the certificate of officers, statements and order of court thereto appended, copied from the records of the probate court of Harris county, and offered in evidence by the plaintiffs as tending to prove that the Martin Flores league was a part of the property belonging to the partnership of A. C. & J. K. Allen, and that A. C. Allen had a right to sell, and did sell, the same to H. R. and S. L. Allen, by his deed of January 16, 1839.

4. The court erred in excluding the recitals in the deed of conveyance from H. R. and S. L. Allen to Harvey H. Allen, offered in evidence by plaintiffs as a part of that deed, and as tending to prove a covenant of seizin and other facts therein recited.

5. The court erred in excluding the recitals in the deed of release from A. C. Allen, as surviving partner of A. C. & J. K. Allen, to H. R. and S. L. Allen, offered in evidence by plaintiff as a part of that

deed, and as a recital of facts which would estop him and all persons in privity in any manner with him.

*Hume & Shepard* and *W. W. Blake*, for appellants, that the certified copy of the deed from A. C. Allen to H. R. and S.L. Allen, dated January 16, 1839, from the records of Harris county where the original had been recorded, was, in connection with the affidavit of the loss of the original, sufficient evidence of its execution and delivery, cited: R. S., art. 2257; Holmes *v.* Coryell, 58 Tex., 680, 689; Clifton *v.* Lillie, 12 Tex., 130, 185; White *v.* Burney, 27 Tex., 50; Wallace *v.* Wilcox, 27 Tex., 60.

That the inventory and appraisement of the property of J. K. Allen, deceased, duly made and filed in the course of the administration of his estate, showing that the land in controversy was the property of the partnership of A. C. & J. K. Allen, was admissible in evidence, and would constitute *prima facie* evidence that the land was the partnership property, as against those claiming under A. C. Allen and the distributees of his estate, they cited: Little *v.* Birdwell, 21 Tex., 597; Martindale on Conv., sec. 92.

That the recitals in both of the ancient deeds of the partnership estate of A. C. & J. K. Allen in the lands conveyed, in connection with the fact of the partnership title of the Flores league contained in the inventory and appraisement, filed in the succession of John K. Allen, were certainly admissible as tending to show facts from which the jury, under a proper charge of the court, could have found the existence of the partnership interest in the land in controversy, and the right of the surviving partner to convey the same for the purpose of settling the debts of the partnership, which was the apparent object of the general deed of assignment made by A. C. Allen, surviving partner to H. R. and S. L. Allen, they cited: Johnson *v.* Timmons, 50 Tex., 521; Veramendi *v.* Hutchins, 48 Tex., 531-552; s. c., 56 Tex., 414; Sanger *v.* Moody, 60 Tex., 96; Menchaca *v.* Field, 62 Tex., 155; Forman *v.* Crutcher, 2 A. K. Marshall, 69; Gould *v.* West, 32 Tex., 347; Martindale on Conv., sec. 169.

That the two deeds from A. C. Allen, surviving partner, were sufficient to pass the title to the land in controversy, for all the purposes of this suit, at least to H. R. and S. L. Allen, who in turn conveyed it to plaintiffs' ancestor, Harvey H. Allen, they cited. Baxter *v.* Garbrough, 46 Tex., 231; Walker *v.* Abercrombie, 61 Tex., 69-74; Carter *v.* Conner, 60 Tex., 52; Woodley *v.* Adams, 55 Tex., 526-531; Shanks *v.* Klein, 104 U. S., 18; Allen *v.* Withrow, 110 U. S., 120-130; Griffey *v.* Northcutt, 5 Heiskell, 747; Solomon *v.* Fitzgerald, 7 Heiskell, 552;

Andrews v. Brown, 21 Ala., 437; Offutt v. Scott, 47 Ala., 104; Dyer v. Clark, 5 Metcalf, 562; Burnside v. Merrick, 4 Metcalf, 537; Shearer v. Paine, 12 Allen, 289; Dupuy v. Leavenworth, 17 Cal., 263; Jones v. Parsons, 25 Cal., 100; Pierce v. Trigg, 10 Leigh, 406-422; Merritt v. Dickey, 38 Mich., 44; Barry v. Briggs, 22 Mich., 201; Cobble v. Tomlinson, 50 Ind., 550; Wilson v. Nicholson, 61 Ind., 244; Buffum v. Buffum, 49 Me., 108; Loubat v. Nourse, 5 Fla., 350, 356, 358; Fowler v. Bailey, 14 Wis., 126, 129, 130; Ludlow v. Cooper, 4 Ohio St., 7, 8.

That one or more of several tenants in common may sue for and recover the whole of the land, as against parties having neither title nor color of title, they cited: Sowers v. Peterson, 59 Tex., 216; Pilcher v. Kirk, 60 Tex., 162.

T. W. Ford, for appellees, cited: R. S., art. 4786; Stovall v. Carmichael, 52 Tex., 384; Sowers v. Peterson, 59 Tex., 220; Pilcher v. Kirk, 55 Tex., 216.

STAYTON, ASSOCIATE JUSTICE.—The deed from A. C. Allen to H. R. and S. L. Allen, of date January 16, 1839, embraced land in Harris county, and was there recorded. A certified copy of that deed was offered as evidence after the proof of the inability of the plaintiffs to produce the original was made, and it was excluded presumably upon the ground that it was not admissible because never recorded in Jasper county, in which the land in controversy is situated. It is not contended that the deed was not properly recorded in Harris county.

The statute provides that "every instrument of writing which is permitted or required by law to be recorded in the office of the clerk of the county court, and which has been or may be so recorded after being proved or acknowledged in the manner provided by the laws in force at the time of its registration, shall be admitted as evidence without the necessity of proving its execution; *provided, etc.,*   *   *  And whenever any party to a suit shall file among the papers of the cause an affidavit stating that any instrument of writing, recorded as aforesaid, has been lost, or that he cannot procure the original, a certified copy of the record of any such instrument shall be admitted in like manner as the original could be." R. S., 2257.

The statute further provides that "all deeds, conveyances, mortgages, deeds of trust, or any other written contract relating to real estate, which are authorized to be recorded, shall be recorded in the county where such real estate, or a part thereof, is situated." R. S.,

4333. This last provision in the statute is found in immediate connection with that part of the act of February 5, 1840, regulating registration which declares that all such instruments as above described "shall be void as to all creditors and subsequent purchasers for valuable consideration without notice, unless they shall be acknowledged, or proved, and filed with the clerk to be recorded as required by law; but the same as between the parties and their heirs, and as to all subsequent purchasers, with notice thereof, or without valuable consideration, shall, nevertheless, be valid and binding." R. S., 4332.

The primary and leading purpose of registration, under the laws of this state, is notice, and that all persons may be advised as to the place where they may get information as to the state of the title to land, the law requires the registration to be made in the county in which the land, which may be the subject of inquiry, is situated, in whole or in part. We do not think, however, that the registration of a deed, or other instruments which affects the title to several separate or distinct tracts of land situated in different counties, in a county in which some of the tracts may be situated, would be such registration as would operate as notice of the deed or other instrument, in so far as the same might embrace lands not situated in the county in which registration is made.

If, however, such deed or instrument affects the title to land in one tract, but partly in two or more counties, then registration in either county would be notice, for persons are presumed to know in what county lands in which they propose to deal are situated, and, if situated in two or more, it becomes their duty to examine the registry of every county in which registration of a deed or other instrument affecting title to the particular tract of land may, under the law, be made.

The purpose of the provision of the statute first quoted, however, is not to give notice, but to establish a rule of evidence. Under that statute, if an instrument required or permitted by law to be recorded is acknowledged or proved for record and recorded as the law requires, upon compliance with the other provisions of the law, the original stands as though its execution was proved as at common law, unless an affidavit of forgery be filed, so stands a certified copy, if the inability of the person offering it to produce the original be shown.

There can be no question that the certified copy offered could have been used as evidence in an action in Harris county, in any suit involving title to land situated in that county and conveyed by the

deed. Why? Certainly for no other reason than that, under the statute, the execution of the original is deemed to be sufficiently proved by its valid registration. If the acts which ultimated in valid registration in Harris county have the effect to establish *prima facie* the execution of the deed, the place where it is to be used in evidence cannot affect the question.

If valid registration establishes execution it does so for all purposes for which the deed may be used, and at all places, subject to the law which makes this registration in effect *prima facie* proof of execution. There cannot be a rule of evidence in force in this state which makes a deed evidence of title in one county and not in another, except as title may be affected by the question of notice. This question was considered by the supreme court of the United States in the case of McKeen *v.* Delaney, 5 Cranch., 29.

In that case Chief Justice Marshall, in the opinion given in the case, said: "This deed was, unquestionably, properly admitted to record in the office of the city and county of Philadelphia. It conveyed lands lying within that city and county, and on any construction of the act, might be there recorded. * * * The whole deed then is evidence by the letter of the act. The whole is a copy from the record. If the validity of the conveyance depended on its being recorded in the county where the land lies, then a deed might be good as to one tract, and bad as to another. But the deed is valid, though not recorded, and the question is whether the copy is evidence as to everything it contains. The execution of the deed is one entire thing, and is proved so as to admit the instrument to record. The copy, if true in part, is true in the whole, and if evidence in part, must, under the act, and on the general principle that it is a copy of a record, be evidence in the whole."

The same ruling was made in the following cases: Simms' Lessees *v.* James Read, 3 Tenn. (Cooke), 345; Lessees of Scott *v.* Leather, 3 Yates (Penn.), 184; Jackson *v.* Rice, 3 Wendell, 180.

The inventory of the estate of J. K. Allen, filed in the probate court for Harris county, filed and sworn to by A. C. Allen on September 12, 1838, showing that the land in controversy was owned by J. K. Allen and himself as partners, was admissible, if for no other reason, because it contained, as did the deed before referred to, declarations of A. C. Allen, under whom the defendants claim, to the effect that he had an interest in the land at the time of the death of J. K. Allen, other than such as he might acquire by inheritance.

Declarations of the person through whom defendants claim, made while title was in him, would be admissible as against them, to show

the extent of his interest and the character of his holding. For the reasons given above, the recitals contained in the deed made by A. C. Allen to H. R. and S. L. Allen, of date March 18, 1840, ought to have been admitted. The deed of date March 18, 1840, made by H. R. and S. L. Allen to Harvey Allen, contained recitals of the manner and extent of the holding of A. C. Allen, tending to show that the land in controversy was owned by A. C. & J. K. Allen as partners, and in so far as it contained such recitals was excluded. This action of the court is assigned as error, but it would not ordinarily be error unless it was shown that the defendants in some way hold under the persons who made that deed.

It appears, however, that A. C. Allen, under whom the defendants claim, on the day the deed was made, ratified it, and used language in his deed, by which the ratification was made, substantially the same as recited in the deed from H. R. and S. L. Allen to Harvey Allen. Under this state of facts, it must be held that A. C. Allen had knowledge of the recitals in the deed which he ratified, and that they were admissible against persons claiming through him. The recitals tended to show the extent of the interest he could convey otherwise than as a surviving partner, and tended to show that he claimed power to convey the whole as the surviving partner; and, by ratifying the deed, he must be held to have ratified all recitals which were material to show the extent and character of the interest which he intended and claimed the power to convey.

We have not thought it necessary to consider whether related, as were all the parties to the deeds rejected, to their subject matter and to each other, the deeds ought not to have been admitted with all their recitals as ancient instruments.

The near approach of the close of the term precludes an examination of the questions suggested by the appellees, as to the effect of the deeds made by A. C. Allen upon any title he may have acquired after they were made; besides, this question may not be necessary to the future disposition of the case.

The extent to which one tenant in common may recover against persons showing no right is well settled. Sowers v. Peterson, 59 Tex., 217; Pilcher v. Kirk, 60 Tex., 162.

For the errors mentioned the judgment will be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered December 21, 1885.]