**WILLSON et al. v. KUHN et al.**

No. 9969.

Court of Civil Appeals of Texas. Galveston.

March 22, 1935.

Rehearing Denied July 23, 1936.

Cooper Ragan, of Houston, and Oswald S. Parker, of Beaumont, for appellants.

Harry Holmes and Fouts, Amerman, Patterson & Moore, all of Houston, Orgain, Carroll & Bell, of Beaumont, and Boyles, Scott & Fahey, Elbert Roberts, Edgar Monteith, R. E. Seagler, and Wm. E. Loose, all of Houston, for appellees.

PLEASANTS, Chief Justice.

This suit was brought by appellants to set aside a judgment rendered in the court below on December 2, 1926, in a cause pending in that court styled "Texas Banking & Investment Company, et al. vs. James V. Polk, et al.," in which suit the title to an undivided one-half interest in four tracts of land in Orange county, fully described in the petition, had been divested out of appellants, plaintiffs in this suit to set aside the judgment in the former suit, and vested in the defendants in that suit, all of whom were made parties defendant in the suit from which this appeal is prosecuted.

Appellants' petition, after alleging the sale, and execution and delivery by Patillo Higgins, for a good and valuable consideration, of his general warranty deed conveying a one-half interest in all of the lands involved in this and the former suit to the Texas Investment Company, under whom appellants claim title, further alleges:

"Plaintiff would further show that at the date of the execution and delivery of said deed, and prior to its execution and delivery, the said Patillo Higgins was the apparent owner of record and was the owner in fact, of an undivided one-half of all the lands purported to be covered by said deed and therein described.

"Plaintiff would further show that the Texas Investment Company, an unincorporated joint stock association, which company was named as grantee in the deed from Patillo Higgins, hereinbefore described, changed its name to The Texas Banking & Investment Company, and thereafter continued to do business under the name of The Texas Banking & Investment Company, but being the same company as previously did business as an unincorporated joint stock association, under the name of the Texas Investment Company, and such company was an unincorporated joint stock association at all times after its change of name aforesaid, doing business under its changed name, The Texas Banking & Investment Company, as an unincorporated joint stock association, with a board of directors and executive officers, consisting of a president and vice-president, and with a secretary, the beneficial interests therein being in the holders of its shares of stock, and such was the condition on, to-wit: December 2, 1926, when the matters hereinafter complained of occurred, except that the office of vice-president in said Texas Banking & Investment Company was then vacant on account of the previous death of W. W. Willson, who up to the time of his death, was vice-president of said company.

"Plaintiff would further show that on, to-wit: December 2, 1926, a suit was instituted in the district court of Harris County, Texas, 61st Judicial District, styled The Texas Banking & Investment Company et al. v. James V. Polk et al., being cause No. 128589, in which cause a petition in the nature and form of a petition in trespass to try title was filed on said December 2, 1926, in the name of The Texas Banking & Investment Company, an unincorporated joint stock association and The Texas Banking & Investment Company, a corporation, and against certain of defendants herein, to-wit: James V. Polk, I. D. Polk, Jr., Mrs. Mamie Polk, a feme sole, Itasca Polk Jones, and her husband, Roland Jones, Jr., and H. J. Kuhn, individually, and as administrator of the estate of George M. Kuhn, deceased, George G. Glass, John

Glass, James H. Glass, Mrs. Nina Glass, a widow, Inola Glass Bryan, and her husband, O. C. Bryan, Florence I. Smith, and her husband, Arnold Smith, Mrs. Anna Jane Waycott, and her husband, George T. Waycott, Mrs. Hattie Alice Hall, and her husband, E. H. Hall, said petition being, as aforesaid, in the form of a petition in trespass to try title, and seeking to recover as against said defendants, the lands therein described in the deed from Patillo Higgins to the Texas Investment Company, an unincorporated joint stock association, hereinbefore referred to, and to said petition the firm name of Holland & Cousins was signed, as purported attorneys for the said plaintiffs named in said petition; and on the same day, to-wit: December 2, 1926, answers were filed by all the defendants named in the aforesaid petition in cause No. 128589, and cross actions were filed on the same day by all the defendants named in said petition, seeking to recover title and possession as against those named as plaintiffs therein, to-wit: The Texas Banking & Investment Company, an unincorporated joint stock association, and The Texas Banking & Investment Company, a corporation, of all the lands described in the plaintiffs' petition filed in said suit; and further, by their cross action, James V. Polk et al., sought in appropriate pleadings filed on the same day, to-wit: December 2, 1926, to cancel and annul that certain deed hereinbefore referred to being the deed executed under date of August 28, 1908, by Patillo Higgins, alleged in said cross action to have been then the owner of an undivided one-half interest in the lands described in said deed, which, by its terms, conveyed certain lands to the Texas Investment Company, an unincorporated joint stock association, and in which cross action of James V. Polk et al., it was alleged that The Texas Banking & Investment Company, an unincorporated joint stock association, was the successor, by change of name, to the said Texas Investment Company, which deed is and was, in said cross action, alleged to have been recorded in Vol. 28, page 472, of the Deed Records of Orange County, Texas, and in which cross action said James V. Polk et al., alleged said deed to be a cloud upon plaintiffs' title and prayed that same be cancelled and held for naught, and for further relief. And on the same day, to-wit: December 2, 1926, there was filed in said cause No. 128589, in answer to the aforesaid cross action, what purported to be an answer thereto by those named as plaintiffs in the suit, to-wit: The Texas Banking & Investment Company, an unincorporated joint stock association, and The Texas Banking & Investment Company, a corporation, to which purported answer to such cross action, the firm name of Holland & Cousins was signed as purported attorneys of the plaintiffs, Texas Banking & Investment Company et al."

Plaintiffs then allege that on December 2, 1926, the suit instituted in the district court for the Sixty-First district was transferred to the court in which the judgment complained of was rendered, the district court for the Eightieth district; the same day, December 2, 1926, the pleadings in the case were presented to the court in which the case had been so transferred.

In connection with the pleadings there was tendered an agreed judgment purporting to have been agreed to by the attorneys for all the parties to the suit, the Texas Banking & Investment Company, an unincorporated joint-stock association, as well as the Texas Banking & Investment Company, a corporation, as appears upon the face of the instrument, having made the agreement by and through their attorneys, Holland & Cousins, who signed the agreement as attorneys for said plaintiffs. In pursuance with such agreement the judge of the court below entered an order upon his docket that judgment be rendered in the case in accordance with said agreement, and the agreed judgment so presented to the court was duly entered in the minutes. Said agreed judgment was in favor of the defendants in the suit, and adjudged that the deed from Patillo Higgins to the Texas Investment Company before mentioned be canceled, and awarded judgment for the title and possession of the lands described in that deed as claimed in the separate cross action filed by the respective defendants.

The petition then alleges:

"Plaintiffs would further show that this Honorable Court was imposed upon and misled into signing such agreed decree, reciting a hearing of evidence and a determination of the law and the facts by the court, which did not, in fact, occur, and plaintiffs would further show that said suit was not filed for, or in behalf

of, The Texas Banking & Investment Company, an unincorporated joint stock association, with its knowledge or consent, and neither said company, its officers or shareholders, or any of these plaintiffs, authorized anyone to file said suit or represent it therein, nor did they, or any of them, know of said suit being filed, or that it had been filed, or that any such judgment had been rendered or entered, until within the past few months of this current year, to-wit: A. D. 1930; and plaintiffs say that The Texas Banking & Investment Company, an unincorporated joint stock association, was not a party to said suit, although it purported from the pleadings filed in said cause to have been a plaintiff therein, but that such pleadings were wholly unauthorized and that neither said unincorporated joint stock association, nor anyone with authority to act for it, ever appeared in said suit No. 128589 or agreed to any judgment being entered therein, nor was it cited by any legal process to appear in said suit and make answer to the cross actions therein filed, nor did any of its officers or shareholders know of such cross actions until within the last few months, during the current calendar year.

"Plaintiffs would further show that neither the Texas Investment Company, as such, nor its successors by change of name, The Texas Banking & Investment Company, an unincorporated stock association, has ever parted with the title conveyed to it by deed of Patillo Higgins to the Texas Investment Company, executed under date of August 28, 1908, but that the said Texas Banking & Investment Company, an unincorporated joint stock association, and the holders of its shares of stock are now the legal, equitable, and rightful owners of all the title conveyed by such deed, and the judgment aforesaid, entered upon the minutes of this court, under date of December 2, 1926, is absolutely void, in so far as it affects or purports to affect, the title or rights of The Texas Banking & Investment Company, an unincorporated joint stock association, or the holders of its shares or stock, and in so far as it purports to cancel the aforementioned deed from Patillo Higgins to the Texas Investment Company, an unincorporated joint stock association, executed under date of August 28, 1908."

Plaintiff prays for the cancellation of the judgment so rendered against the Texas Banking & Investment Company, an unincorporated joint-stock association, and holders of shares in that company, "and for all such further relief, both general and special, to which they may be entitled either at law or in equity."

In addition to the defendants who recovered in the agreed judgment sought to be set aside by plaintiffs in this suit, a number of other defendants are sued upon allegations that they are asserting some claim to portions of the land in controversy.

John H. Kirby intervened in the suit, alleging that since its institution he had purchased all of the stock owned by George W. Carroll, president of the Texas Banking & Investment Company, joint-stock association, and adopted as his own all of the allegations of plaintiffs' petition.

All of the defendants in the suit answered by a general demurrer and a general denial. Some of the numerous defendants also pleaded the various statutes of limitation, and each of them by cross-action in the nature of a suit of trespass to try title sought to recover of plaintiffs and the intervener, Kirby, the title and possession of the portions of the land claimed in such cross-action.

At the close of the evidence the trial court, on motion of defendants, instructed the jury to return a verdict that plaintiffs and the intervener take nothing by their suit against any of the defendants, and to further return a verdict in favor of each of the defendants in the agreed judgment rendered in the former suit for the respective interests in the land claimed by said defendants in their respective cross-actions presented in this suit. (The defendants not included in these instructions had previously thereto withdrawn their cross-actions seeking affirmative relief).

Upon the return of such verdict judgment was so rendered.

Without setting out the testimony of the various witnesses who were called to testify in the cause by appellants, we find that the undisputed evidence shows that the suit in which the agreed judgment sought to be set aside in this suit was rendered was not authorized to be brought by any of the plaintiffs in this suit, and that none of these plaintiffs authorized the attorneys who acted for them in that suit to represent them in approving the agreed judgment entered in that suit.

All of the evidence in this case shows that the Texas Banking & Investment Company, a corporation, was not the successor in title to the assets of the joint stock company of the same name, and never acquired or asserted any title to the land involved in this suit. The pleadings in the original suit, and the undisputed evidence, show that the Texas Banking & Investment Company, a corporation, was originally the Park Bank & Trust Company, and became the Texas Banking & Investment Company by change of its name, and was never at any time in any way connected with the title held by the Texas Banking & Investment Company, joint-stock association, to the land involved in this suit, except that it executed to the defendants Polk and others, on April 16, 1926, its quitclaim deed to the land for the nominal consideration of $1. The only semblance of authority for making this corporation a party plaintiff in the original suit or bringing the suit for the stock or share holders of the Texas Banking & Investment Company, joint-stock company, the successors in title to all of the property and assets of Texas Investment Company, to whom the land was conveyed by Patillo Higgins, was the acquiescence of the intervener, who had no interest in the joint-stock company at the time the suit was brought and the agreed judgment entered therein, and is not shown to have had any authority to direct the bringing of the suit for the corporation.

The judgment in the former suit not only gave judgment to the defendants in that suit on their respective cross-actions, but canceled the deed from Patillo Higgins under which appellants claim, on the ground that the deed was, as pleaded by some of the defendants, intended as a mortgage.

Upon the trial in the court below plaintiffs offered in evidence the original deed from Patillo Higgins to the Texas Investment Company. After the court had admitted the deed in evidence, the defendants objected and sought to exclude it from evidence, on the ground that it had not been filed with the papers in the case and 3 days' notice given of plaintiffs' intention to offer it in evidence, and it was not therefore admissible without proof of its execution. To meet this objection, the plaintiffs then offered in connection with the signature to the deed the signature of Patillo Higgins to his depositions taken by the defendants and on file with the papers in the case. The evidence was excluded on objection of defendants. Plaintiffs then offered preface to direct interrogatory No. 6 in said deposition, being the interrogatories propounded by defendants to said Patillo Higgins and signed by their counsel; said preface reading: "Please refer to and carefully read the certified copy of deed executed by Patillo Higgins as grantor, to the Texas Investment Company as grantee, dated August 28, 1908, filed August 10, 1918, with the county clerk of Orange County, Texas, recorded in Vol. 28, page 472, of the Deed Records of Orange County, Texas, attached hereto and marked Exhibit 'G.'"

And in connection therewith offered Exhibit G, a photostatic copy of the deed so declared by said defendants in their interrogatories on file for months prior to the trial as being certified copy of the deed executed by Patillo Higgins and duly recorded, being set out in full on pages 8 to 10 of the statement of facts, and being identical with the original deed theretofore offered and admitted and being certified to be such true copy. And in this connection plaintiffs offered the file mark on the deposition to which such Exhibit G was attached as a part of such direct interrogatories propounded by defendants, which showed same had been on file several months. Objection was made by defendants to the introduction of this certified copy of said deed by themselves filed months before in this case, or any part of such instrument made a part of defendants' interrogatory No. 6, unless enough of the answer thereto was offered to make it intelligible. To meet such objection and the ruling of the court, plaintiffs then showed to the court that part of the answer to interrogatory No. 6 reading: "I signed the original deed to the Texas Investment Company, dated August 28, 1908, a certified copy of which is attached to the interrogatories and marked Exhibit 'G.'"

And the next question: "Q. to whom, if anyone, did you deliver that deed? A. I delivered that deed to W. W. Willson."

The court then stated: "I am inclined to believe that would render the deed admissible but the defendants would have the right to offer the balance of the deposition."

The court thereupon said to the plaintiffs' attorney: "When you offer those questions they can offer the other ques-

tion. I think it is a question of law for the court. It may not have any effect upon the admissibility of the testimony but may have some result on the offer of the testimony."

Defendants then stated they would offer the balance of the deposition, "the entire deposition including that particular question he did not offer and the balance of his deposition." Plaintiffs' attorney then stated: "We offer the deed in evidence."

The court then stated: "I will admit it after you offer this testimony."

Plaintiffs then stated: "In connection with the deed from Patillo Higgins to Texas Investment Company, offered in evidence, we offer in evidence that part of the deposition of Patillo Higgins taken by defendants in this case in answer to that part of the sixth direct interrogatory, subdivisions A and B, and also Exhibit 'G' referred to in the interrogatory attached, and together with the file mark on the deposition showing it was received in this court and filed in this court on November 16, 1931." (Page 1 of the statement of facts shows that the trial was begun "the 9th day of November, 1932.")

The defendants then offered the entire deposition of Patillo Higgins. After the whole of the depositions was held admissible, the court then told the jury: "The deed is now in evidence before you."

After the court had admitted the deed in evidence, as shown by the above statement, the defendants then offered the depositions of Patillo Higgins, and over objection of appellants read to the jury portions of the deposition in which the witness testified, in substance, that he executed the deed to Texas Investment Company, under which appellants claim title, and delivered it to W. W. Willson under an agreement with Willson that his company, Texas Investment Company, would use the land as security for obtaining a loan for the benefit of witness, who would assume the payment of the loan, and that, if the loan could not be obtained, the land would be reconveyed to witness; that this was the sole purpose and consideration for the execution and delivery of the deed; that neither Willson nor the Texas Investment Company obtained the loan, but the land was never reconveyed to him. The witness further testified that he and Willson were friends and often together, the witness having an account at a Houston bank operated by

Willson, and that at no time did Willson or the Texas Investment Company, or any one acting for them, assert in the hearing of witness any claim to the land described in the deed, and witness never knew or heard of such claim until some time in the year 1925, when he learned that the deed had been recorded in Orange county where the land was situated, and that he did not know that no reconveyance of the land had been made to him until he heard in 1925 that the Texas Investment Company, or its successor, the Texas Banking & Investment Company, was claiming title under the deed.

■ Upon the facts as above found, the plaintiffs in this court were prima facie entitled to have the agreed judgment in the former suit set aside because the suit in which the judgment was rendered was not brought by attorneys authorized to represent them, and plaintiffs had no notice or knowledge of the suit and judgment until a short time before the institution of this suit, which was filed within the 4 years allowed by the law for bringing such suits. Buchanan v. Bilger, 64 Tex. 589, 593.

■ The pleadings of appellees in the former suit acknowledge the execution and delivery of the deed offered by appellants. It seems clear to us that defendants' objection to the introduction of the deed on the grounds stated were untenable. Ludtke v. Murray (Tex.Civ. App.) 199 S.W. 321; Lignoski v. Crooker, 86 Tex. 324, 24 S.W. 278, 788. In Hancock v. Tram Lumber Company, 65 Tex. 225, 233, our Supreme Court held that under our statutes the execution of an original deed "is * * * sufficiently proved by its valid registration." The validity of the registration of the deed in question is shown in this case.

■ We agree with appellees that the undisputed evidence shows that, notwithstanding the fact that the former suit was brought without the authority or knowledge of the plaintiffs, the defendants in this suit were entitled to recover upon their several cross-actions if the deed from Patillo Higgins under which plaintiffs claim, while absolute on its face, was in fact, as was adjudicated in the former suit, intended as security for a loan of money for the benefit of Patillo Higgins which was never obtained. But we do not agree with appellees that the evidence was conclusive upon this issue.

It is true that Higgins in effect testified, in that portion of his deposition put in evidence by the defendants, that the deed was intended as security for a loan which was never obtained. It is a well-settled rule of evidence that an answer of a witness to an interrogatory becomes the evidence of the party offering it and cannot be regarded as a statement of the witness vouched for by the opposite party. The circumstances under which appellants offered a portion of the depositions of Higgins, whose depositions were taken by the defendants, clearly show that appellants used the statement of the witness offered by them solely for the purpose of establishing the execution of the deed from Higgins to the Texas Investment Company to meet the untenable objections made by the defendants and sustained by the trial court that the execution of the deed was not otherwise sufficiently shown. The pleadings of the defendants in the former suit acknowledge the execution of this deed, and its valid registration was shown. These facts sufficiently established its execution and delivery under the authorities before cited.

It certainly cannot be held on this record that appellants, made Patillo Higgins their witness except as to the portion of his depositions offered by them, and they cannot be held in any way bound by his statement in the portion of the depositions put in evidence by the defendants.

■ We agree with appellants that the testimony of the witness Patillo Higgins as to the purpose and consideration for the execution of the deed to the Texas Investment Company is not of that definite and conclusive character required in cases of this kind to authorize a trial court to instruct the jury to find that the deed was not what it purports to be, an absolute, unconditional conveyance of the land. According to the testimony of this witness, the deed was not, as pleaded by the defendants Polk and others in the former suit and found by the judgment in that suit, intended as a mortgage. The grantor did not intend this deed to itself operate as a mortgage, but according to his testimony placed the absolute title in the Texas Investment Company under a parol agreement with Willson, the manager of the company, that he would procure a loan on the property for Higgins, the repayment of which would be assumed by Higgins, and, in event the loan was not secured by Willson, the land would be reconveyed to Higgins.

There were no pleadings of the defendants in this suit which questioned in any way the absolute, unconditional character of the deed, and the admissibility of the testimony of Higgins in this state of the pleadings may well be doubted. But, aside from this question, the jury were not required to accept the testimony as true. The deed was nearly 20 years old and had been on record for about 8 years, and Willson, who the witness testified made the parol agreement sought to be engrafted on the deed, was dead before Mr. Higgins discovered that the land had not been reconveyed to him. Shortly after the execution of this deed Higgins conveyed this land to I. D. Polk, who thereafter, in March, 1909, conveyed to the Patillo Higgins Oil, Gas & Coal Company, a corporation, all of the oil, gas, sulphur, and minerals under two of the surveys described in the deed from Higgins to the Texas Investment Company.

We think this evidence at most only raised an issue of fact as to the purpose and consideration for the deed, and the trial court was not authorized to take that issue from the jury.

■ The contention of appellees that the appellants were not prima facie entitled to have the agreed judgment in the former suit set aside, because the Texas Banking & Investment Company, Incorporated, was not made a party to this suit, is, we think, without merit. As we have before shown, this corporation was not a party to the suit, not being represented by any one duly authorized to bring the suit or to agree to the judgment therein rendered, and further because the undisputed evidence shows that it had no interest in the subject matter of the suit, and obtained no benefit by the judgment therein.

In this state of the evidence the parties whose rights were affected by the agreed judgment were not required to make the corporation a party to their suit to set aside the judgment.

What we have said disposes of all of the material questions presented by the record.

Our conclusions upon these questions above expressed require a reversal of the judgment, and it has been so ordered.

Reversed and remanded.